### EDWARD McKEONE, executor, *vs.* CATHERINE BARNES.

On an appeal by the sister of a childless testator from the allowance as his will of an instrument in which he gave nominal legacies to her and his brother, who were his next of kin, and, after bequeathing $500 to her son, the residue of his estate to his widow, the amount of the residue did not appear; it was shown that no one besides the three witnesses was present at the execution of the will, and that two of them were a brother and brother in law of the widow and intimate with her; and the appellant relied on this fact, coupled with an offer to show that the testator repeatedly declared his intention to provide for the appellant in event of his death, to prove that the will was executed under undue influence. *Held*, that the evidence was insufficient for the purpose.

On an issue whether the signature of a will is genuine, the subscription of a letter received through the mail by a witness, purporting to be signed by the testator in reply to a letter addressed by the witness to him, is inadmissible for a standard of comparison, without further proof of its authenticity.

How much a man can improve his handwriting in a short time is not a subject for the testimony of experts.

APPEAL by a sister of Michael Sullivan from a decree of the judge of probate allowing an instrument as his last will. At the trial, before *Wells*, J., issues were framed for a jury, *First*, whether the will was duly executed and signed by the testator ; and *Second*, whether undue influence was used upon the testator to procure him to make the will. The jury found in the affirmative upon the first issue, and in the negative upon the second : and the appellant alleged exceptions, of which the following is the material part :

" It appeared in evidence that the testator died childless, leaving a widow, to whom all his property was devised and bequeathed in the will, with the exception of a legacy of $500 to the son of the appellant, and nominal sums to his next of kin, and leaving as next of kin one sister, namely, the appellant, and one brother ; and that two of the three witnesses, who alone were present when the will was executed, were respectively the brother and the brother in law of the testator's wife, and on intimate terms with her. It was stated in the opening argument for the appellant, that to support the second issue she would offer no testimony to prove affirmatively the exercise of any undue influence, or attempt to influence the testator, but would rely upon declarations of the testator, made at various times previous to his death, showing an intention on his part to make provision for the appellant in case of his death, coupled with the fact of his being at the office, where the will was made, alone with these parties, who were in the interest of the wife. But the judge ruled that such evidence alone would not warrant the jury in finding that the will was procured to be executed by undue influence, and directed the verdict which was returned upon that issue by the jury in support of the will. Evidence of the previous declarations of the testator was admitted upon the first issue.

" As to the first issue, the appellant offered evidence tending to show that the signature of the testator to the will was not his genuine signature ; and for this purpose offered, as standards for the comparison of the signature of the testator with the signature to the will, certain letters purporting to be signed by him and addressed to her, which she testified that she received through the

mail and believed to have been written by him, and some of which, specifying them, she testified that she received in answer to letters which she had written to him, and that they contained answers to inquiries in her letters. But the judge ruled that upon this evidence such letters were not admissible as standards of the handwriting of the testator.

"It was furthermore contended in behalf of the appellant, that the signature to the will was in a better handwriting than the genuine signatures of the testator, as shown by the admitted standards, and was beyond the power of the testator to make; and as evidence tending to prove this fact, witnesses who were admitted to be competent experts as to handwritings were asked whether, in their opinion, a man having a handwriting as shown by the standard signatures of the testator could, within a short time, so improve his handwriting as to make a signature of as good a handwriting as that to the will. But the judge ruled that the question was incompetent, and that an expert could not state his opinion as to whether a man could make such an improvement in his handwriting."

*D. Saunders,* (*C. G. Saunders* with him,) for the appellant.

*S. B. Ives, Jr., & S. Lincoln, Jr.,* (*J. J. Marsh* with them,) for the executor.

CHAPMAN, C. J. Upon the issue whether undue influence was used upon Sullivan to make the will, the burden was upon the party alleging it to prove the fact. The evidence offered is stated in the report. We find nothing in the character of the will itself that tends to sustain this burden. The amount of the estate does not appear; but as the testator was childless, if he gave five hundred dollars to his sister's son, a nominal legacy to his brother, and the rest of his property to his wife, we cannot see that this furnishes any ground for regarding the will as unreasonable. Nor does the fact that of three witnesses to the will one was his wife's brother and another her brother in law, both of whom were on intimate terms with her, and that no other persons were present when it was executed, prove anything more than an opportunity to exercise the influence alleged. Nor do the declarations of the testator at various times previous to his

decease, showing an intention on his part to make provision for his sister in case of his death, prove that his intentions were changed by undue influence, or even how great the change was. He might have regarded the legacy of five hundred dollars to her son as a fulfilment of the intention. As it was stated by the appellant that no testimony would be offered to prove affirmatively the exercise of any undue influence, or attempt to influence the testator, the jury would not have been authorized, upon what is stated above, to find that the fact existed.

On the question whether the signature to the will was genuine, the letters which the appellant had received, purporting to be from the testator, in answer to her letters to him, were not admissible as standards of comparison. Such standards must be established by clear and undoubted proof. *Commonwealth* v. *Eastman*, 1 Cush. 217. *Martin* v. *Maguire*, 7 Gray, 177. *Bacon* v. *Williams*, 13 Gray, 525. 1 Greenl. Ev. § 581, and cases cited. These letters were not thus proved.

The testimony of the persons who were called to express their opinions whether a man could within a short time so improve his handwriting, as shown by the standard signatures of the testator, as to make a signature of as good a handwriting as that of the will, was also incompetent. It was not a subject for the testimony of experts. *Exceptions overruled.*