FRANCISCO GONSALVES NUNES *vs.* FRANCIS T. PERRY.

A., having received from B., with whose handwriting he was unacquainted, a letter inclosing money sent to C., paid it to D., claiming to be authorized so to do by two subsequent letters from B. In an action by C. against A. for the money, the loss of these letters having been proved, A., as evidence that the two subsequent letters were from B., offered to testify that all three were in the same handwriting. The court having rejected the evidence, *Held*, that its rejection did not appear to have been erroneous.

CONTRACT for money had and received by the defendant to the plaintiff's use, upon a draft drawn by Wells, Fargo & Co., and payable to the plaintiff.

It appeared at the trial in the Superior Court, before *Devens*, J., that the draft in question was sent from San Francisco by the plaintiff's brother Manuel, inclosed in a letter directed to the plaintiff and to the care of the defendant. When the letter reached the defendant's house in New Bedford, the plaintiff, who had been staying there, had gone to sea on a whaling voyage. There was evidence that the defendant opened the letter, took therefrom the draft, and subsequently indorsed the plaintiff's name upon it, and received the money for it from a broker to whom he sold it.

The defendant contended that whatever he had done he had been authorized to do by two letters received from Manuel, subsequently to the date of the draft, by Isabella Candide, a sister of the plaintiff and of Manuel. The non-production of the original letters having been, in the opinion of the court, sufficiently accounted for, the defendant offered to prove the contents of the two letters that he had seen, and that purported to be from Manuel and authorized the appropriation of the money which might be obtained upon the draft by Isabella, for whom he claimed to have acted in the matter. He stated that he did not know Manuel's handwriting and had never seen him write, but thought the letters were in his handwriting. The plaintiff contended that this was no sufficient evidence that the letters which the defendant professed to have seen were in fact written by Manuel, and the court so ruled. The defendant then offered to show by his own testimony that the three letters he had seen were in the same handwriting, as evidence of their authenticity and of their having been written by Manuel, but the court ruled that this was not sufficient, and declined to admit the contents of the letters. No other proof of their authenticity was offered.

The jury returned a verdict for the plaintiff, and, to the exclusion of the evidence that the three letters were in the same handwriting, the defendant alleged exceptions.

*T. M. Stetson*, for the defendant.

*H. M. Knowlton*, for the plaintiff.

WELLS, J. The proposition, which the defendant undertook to maintain, was that he had been authorized by Manuel Nunes to appropriate as he did the money for which the draft had been sent to his care for the plaintiff. To do this required proof of the genuineness of the signature of Manuel's name to two letters, said to have been received from him by a sister of Manuel and the plaintiff, subsequently to that inclosing the draft. Apparently the only proof offered was the testimony of the defendant himself.

The defendant indeed relies upon the internal evidence furnished by the contents of the letters themselves, tending to show

that all three must have come from the same source. Such evi‐dence may doubtless be availed of, and will often be of much sig‐nificance in determining a question of disputed authenticity. But it cannot dispense with the necessity of first producing some evi‐dence from external facts to show, *primâ facie* at least, that the writing relied on is genuine. This is necessary upon the prelim‐inary question of its admissibility.

In the first place the defendant's testimony that " he thought they were his handwriting " was held not to be sufficient. He then offered to show " that the three letters seen by him were in the same handwriting, as evidence of their authenticity and of their having been written by said Manuel." This also was ruled to be insufficient.

The qualifications of a witness to testify as to handwriting, and the sufficiency of the proof of writings to be admitted as standards of comparison, are questions which are to be passed upon, in the first instance, by the court, before submitting the evi‐dence to the jury. They involve so much of the element of fact that great consideration must necessarily be given to the decision of the judge at the trial. In all questions of this nature the ruling at the trial will be sustained, unless it is made clearly to appear that it was based upon some erroneous view of legal principles, or that the ruling was not justified by the state of the evidence as presented to the judge at the time. *Foster* v. *Mackay*, 7 Met. 531. *Rich* v. *Jones*, 9 Cush. 329. *Gorton* v. *Hadsell*, 9 Cush. 508. *Quinsigamond Bank* v. *Hobbs*, 11 Gray, 250. *Common‐wealth* v. *Mullins*, 2 Allen, 295. *Commonwealth* v. *Morrell*, 99 Mass. 542. *Commonwealth* v. *Williams*, 105 Mass. 62. *Doud* v. *Hall*, 8 Allen. 410. *Lake* v. *Clark*, 97 Mass. 346. *Presbrey* v. *Old Colony & Newport Railroad*, 103 Mass. 1. *O'Connor* v. *Hallinan*, Ib. 547. *Gossler* v. *Eagle Sugar Refinery*, Ib. 331. *Lawton* v. *Chase*, 108 Mass. 238.

Neither of the three letters was produced at the trial; their non-production being, in the opinion of the presiding judge, suffi‐ciently accounted for. It was a question, therefore, of the qual‐ification of the witness to testify from such means of knowledge as he had.

Assuming, what did not appear and is not necessarily to be inferred, that the letter inclosing the draft was written by Manuel, the evidence does not in other respects show that the witness was qualified to testify to the point in issue. He had never seen Manuel write, and had no means of knowing his handwriting except from the letter which inclosed the draft. He was not shown to be an expert, nor even accustomed to the inspection of signatures. He had never himself received letters from Manuel, and had only seen the one addressed to his care for the plaintiff. It does not appear that he ever compared the three letters together with any view to forming an opinion upon the subject; or that the three were ever in his possession at the same time. The rule in Massachusetts in regard to the admission of evidence to identify handwriting is much more liberal than in England and in some of the other states; but the decisions in this Commonwealth justify, if they do not require, the rejection of the evidence offered in this case. *Richardson* v. *Newcomb,* 21 Pick. 315. *Commonwealth* v. *Eastman,* 1 Cush. 189, 216. *Brigham* v. *Peters,* 1 Gray, 139. *McKeone* v. *Barnes,* 108 Mass. 344.

*Exceptions overruled.*