COMMONWEALTH *vs.* PHILANDER B. HALL.

Suffolk.    April 1, 1895. — June 21, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Expert — Evidence as to Handwriting — Cross-examination — Discretion of Presiding Justice.*

One acquainted with the handwriting of another may testify concerning it.

The excepting party has no ground of exception to the refusal to permit him to cross-examine a witness as to his qualifications as an expert before he is admitted to testify to the merits, if the excepting party suffers no harm from such refusal.

INDICTMENT in eight counts.  The first, third, fifth, and seventh counts charged the forging of certain orders; and the second, fourth, sixth, and eighth counts charged the uttering of the same.

Trial in the Superior Court, before *Mason*, C. J., who allowed a bill of exceptions, in substance as follows.

The evidence of witnesses for the government tended to show that the defendant, in person, presented the several orders set out in the indictment, and obtained the articles named in the orders. Several of the witnesses for the government testified that, at the time of the presentation of the orders by the defendant, they examined the signature, and believed it then to be the signature of D. E. Graves, whose name was signed thereto.

The government then called Graves as a witness, who testified that he had known the defendant since 1890, and that he was employed in a drug store in Warren; that the store was occupied on one side by one Dr. Hastings, whose clerk the defendant was from 1890 to 1892, the other half being occupied by the witness as a jewelry store; and that the defendant, during witness's absence, generally had charge of both sides of the store.

Thereupon, the several original orders set out in the indictment were shown to the witness, and he testified that he knew the handwriting in which the orders were written, and that he had frequently seen the defendant write.  He was then asked, " In whose handwriting are these orders, if you know?"

The defendant thereupon objected to the admission of evidence by this witness as to the handwriting, and asked that he be permitted to examine the witness at this point as to the extent of his acquaintance with the defendant's handwriting, before his testimony on the same should be admitted.

The Chief Justice overruled the objection, and refused to then allow the defendant's counsel to interrogate the witness with reference thereto, to which rulings the defendant excepted, and the Chief Justice allowed the witness to answer the question, and the witness answered that he believed the orders to be in the handwriting of the defendant.  At the same time the Chief Justice stated that the defendant's counsel could cross-examine the witness on this point when the whole direct ex-

amination of the witness was ended. The witness further testified that no part of the orders was written by himself or by his authority.

This was all the evidence introduced on behalf of the government to prove the handwriting, and the defendant in his cross-examination of Graves, made no inquiries in reference thereto.

The Chief Justice instructed the jury that they had a right to consider the evidence of Graves as to the handwriting, for the purpose of determining whether the defendant was guilty of the charges of forgery.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. M. Lesser*, for the defendant.

*M. J. Sughrue*, First Assistant District Attorney, for the Commonwealth.

MORTON, J. The witness Graves was clearly competent to testify as an expert to the handwriting of the defendant. He testified that he had seen him write frequently, and there was nothing to control this testimony. It is well settled that one acquainted with the handwriting of another may testify concerning it. *Keith* v. *Lothrop*, 10 Cush. 453. *Commonwealth* v. *Nefus*, 135 Mass. 533, 534. *Hopkins* v. *Megquire*, 35 Maine, 78. *Hammond* v. *Varian*, 54 N. Y. 398. *Lewis* v. *Sapio*, Mood. & Malk. 39. *Garrells* v. *Alexander*, 4 Esp. 37. *Tharpe* v. *Gisburne*, 2 C. & P. 21. Best, Ev. (1st Am. ed.) § 232, n. 1. The defendant objects that he had a right to cross-examine the witness as to his qualifications before he was admitted to testify to the merits. Without undertaking to say that in no case would a refusal to permit it to be done operate to the prejudice of the party claiming the right, the defendant fails to show that it resulted in any harm to him in the present instance. He had an opportunity to cross-examine later, and did not see fit to avail himself of it. As the testimony was left, there was nothing to impeach the competency of the witness. The determination of the question whether a witness is qualified as an expert is for the trial court. *Nunes* v. *Perry*, 113 Mass. 274. *Commonwealth* v. *Sturtivant*, 117 Mass. 122. The presiding judge may conduct the examination himself, or may permit it to be made by counsel; ordinarily no harm can result if the adverse party is given an opportunity at

some stage of the case to test the qualifications of the witness, though perhaps the more general and better practice is to permit it to be done as a part of the preliminary examination. Without meaning to say that the court would have the right to refuse any cross-examination on the question of qualifications, we think that in the present case the course pursued was within the discretion of the court as to the order of the trial. ·See *Sarle* v. *Arnold*, 7 R. I. 582; *Fort Wayne* v. *Coombs*, 107 Ind. 75.   1 Greenl. Ev. § 440, n. *c*.

*Exceptions overruled.*