### COMMONWEALTH *vs.* JAMES F. MEEHAN.

Middlesex.     January 24, 1898. — February 26, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Preliminary Question of Fact — Handwriting — Expert — Record of Docket Entries not Extended — Burden of Proof.*

The preliminary question, whether a witness is competent to give an opinion upon handwriting shown him, is largely a question of fact, and the determination of it by the presiding justice cannot be set aside unless it is plainly wrong.

A copy of the record of docket entries is competent to prove the facts stated in it, if it has not been extended.

While the question whether the burden of proving that there is or is not an extended record is upon the party offering or upon the party objecting to the docket entries does not appear to have been decided in this Commonwealth, yet, in this case, which was a complaint for larceny, the court, having assumed in favor of the defendant that the burden was upon the party offering the docket entries, stated that under the circumstances the judge was warranted in taking the statement of the District Attorney as true, and in finding from what he said and from the form of the certificate of the clerk that the record of the Police Court had not been extended.

TWO COMPLAINTS, to the Police Court of Newton, the first charging the defendant, on March 2, 1897, and the second, on September 14 of the same year, with the larceny of certain tools, the property of Frederick W. Smith and William A. Packard. At the trial in the Superior Court, on appeal, before *Wardwell,* J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*H. N. Allen,* for the defendant.

*F. N. Wier,* District Attorney, for the Commonwealth.

KNOWLTON, J.   The first exception is to the admission of an answer of the witness Jewett in regard to the handwriting upon a certain piece of wrapping paper.   He had testified that he had directed a boy, who was then and had been for some months in his service, to wrap up two files which he had just sold, and to direct the package by writing on the back of it the name of the purchaser.   He also had testified that the paper produced was that in which the files were wrapped.   In regard to the question whether he knew the boy's handwriting, he answered that he thought he did.   He was then asked if the name upon the wrapper was in the boy's handwriting, and was permitted to answer, subject to the defendant's exception.   What his answer was does not appear, and the exception might be disposed of on the ground that the bill of exceptions does not show that the defendant was harmed by it.   But if we assume in his favor, and treat the bill as implying that the answer was in the affirmative, we think no error is shown.   The preliminary question, whether a witness is competent to give an opinion upon handwriting shown him, is largely a question of fact, and the determination of it by the presiding justice cannot be set aside unless it is plainly wrong.   *Commonwealth* v. *Hall,* 164 Mass. 152.   The witness had already testified that the paper was that used by the boy in wrapping up the files.   The boy had been for some months in his service in a capacity in which it appeared that he had occasion to write, and it might be inferred that the witness had seen him write many times.   Very likely he saw him write the words in question.   The form of his answer, that he thought he knew the boy's handwriting, did not import a lack of such knowledge as can be had on such a subject, which is ordinarily a mere matter of opinion.   The judge might have thought from his tone and manner that he answered cautiously, not wishing to appear too positive about that which he knew very well.   Moreover, the boy himself afterwards testified that the words were written by him.

The other exception is to the admission of a copy of the record of docket entries in the Police Court of Newton, showing a previous conviction of the defendant of another crime, and his sentence and commitment.   The copy was duly certified and attested by the clerk, under the seal of the court.   It contained

everything that is required to make such a record admissible to affect the credibility of a witness. *Commonwealth* v. *Gorham*, 99 Mass. 420. *Commonwealth* v. *Kiley*, 150 Mass. 325. The only ground of the objection is that it was not an extended record of the case, but a record by docket entries. It has been decided many times that such a record is competent to prove the facts stated in it, if the record has not been extended. *McGrath* v. *Seagrave*, 2 Allen, 443. *Townsend* v. *Way*, 5 Allen, 426. *Good* v. *French,* 115 Mass. 201. *Luce* v. *Dexter*, 135 Mass. 23. It is the record unless and until it has been extended.

Whether the burden of proving that there is or is not an extended record is upon the party offering the docket entries, or upon the party objecting to them, does not appear to have been decided in this Commonwealth. In *Central Bridge Corporation* v. *Lowell*, 15 Gray, 106, 122, the court said, " We think . . . that the admission of dockets of judgments, it not appearing that the judgments had been entered *in extenso* in books of record, was also correct." But we may assume in favor of the defendant that, where the question of the existence of an extended record is raised, the burden is upon the party offering the docket entries to show that they constitute the existing record.

In the present case the district attorney presented a certificate from the clerk that this was a " true copy of the docket record and the juvenile docket of said court," etc. He also stated "that he was informed that, on account of confusion in the office from which the record came, it was impossible to produce an extended record of the case within a reasonable time." The defendant's counsel did not suggest a doubt of the truth of the facts stated by the District Attorney, and offered no evidence that there was an extended record. Under these circumstances, we think that the judge was warranted in taking the statement of this public officer, chosen to represent the Commonwealth in the court, as true, and in finding from what he said and from the form of the certificate of the clerk, that the record of the Police Court had not been extended. This preliminary question of fact was for the determination of the judge, and it does not appear that there was any controversy about it. The exception seems rather to have been directed at the time to the question whether the

docket entries were competent upon facts which the judge might properly find from the uncontradicted statement of the District Attorney, and from the evidence before him.   We are of opinion that the evidence was rightly admitted.

*Exceptions overruled.*