# Commonwealth *v.* Grauman, Appellant (No. 1).

*Criminal law—Forgery—Evidence—Witness.*

1. On the trial of an indictment for forgery of the signature to a promissory note, a person having the same name as that of the maker of the note may testify that he knew the defendant two years prior to the trial, had dealings with him then, but had not seen him since, and that the note in question had not been signed by him. Such testimony, although not conclusive against the claim of the defendant, that the signature was the signature of another person of the same name, becomes very significant when it is followed by evidence of the defendant's declaration that the maker of the note lived on a certain street, and by other evidence that the witness in question lived on that street.

2. If testimony incompetent at the time of its admission, becomes competent at a later stage of the trial, its admission is not cause for reversal.

3. On a trial of an indictment for forgery where a witness is offered to prove that the signature in question was in the handwriting of the defendant, the preliminary question whether the witness has sufficient acquaintance with the general characteristics of the defendant's hand-writing as renders him legally competent to testify is a preliminary

question partly of law, but largely of fact, for the determination in the first instance by the trial judge; and the ruling of the trial judge will be sustained by the appellate court, unless it is made clearly to appear that it was based upon some erroneous view of legal principles, or that the ruling was not justified by the state of the evidence as presented to the judge at the time.

4. Where the preliminary examination of a witness elicits from him testimony that he had seen the defendant write, and had received checks from him, and also that he "thought" the body of the note in question was in the handwriting of the defendant, the action of the court in permitting the witness to testify as to the genuineness of the signature to the note, will not be reversed, and this is the case although the determination of the question by the trial judge the other way might have been sustained.

*Practice, C. P.—Trial—Charge.*

5. Where special instructions are not asked for at the trial, and particular error of law or material misstatement of evidence cannot be pointed out, the court will be reviewed on the general effect of the charge, and not upon sentences or paragraphs disconnected from the context that qualifies and explains them; if, as a whole, the charge was calculated to mislead, there is error; if not, there is none.

Argued Nov. 11, 1912.   Appeal, No. 5, March T., 1913, by defendant, from judgment of Q. S. Lackawanna Co., Dec. T., 1911, No. 120, on verdict of guilty in case of Commonwealth v. William Grauman.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, and PORTER, JJ. Affirmed.

Indictment for forgery.   Before NEWCOMB, J.

At the trial it appeared that the defendant was charged with forging the name of Valentine Kautz as the maker of a promissory note for $260.   The indorsers on the note were the defendant, W. Grauman, and Joseph Levy.

When Valentine Kautz was on the stand this offer was made:

Mr. Levy: We propose to show by the witness that he became acquainted with the defendant, Grauman, two years ago; that an acquaintance took him to Mr. Grauman for the purpose of obtaining a loan, which he obtained in the sum of $100; that on that occasion he became ac-

quainted with Mr. Grauman, and that he has never seen him or conversed with, or done business with him since: To be followed by evidence that the note set forth in the indictment was never signed by the witness.

Mr. Scragg: What is the purpose of this offer?

Mr. Levy: Simply for the purpose of showing the opportunity that the defendant, Grauman, had to become acquainted with the witness, to show the circumstances under which he became acquainted, and for the purpose of showing that the note in question is a forgery.

Mr. Scragg: The evidence is objected to as incompetent, and an offer to prove by the witness a negative.

The Court: You propose, I imagine, to lay ground for the argument that it was the signature of the witness that was forged to the note in question and described in the indictment.

Mr. O'Brien: Yes.

The Court: And these circumstances you rely upon as tending to account for the alleged forgery?

Mr. O'Brien: Yes. In other words, that the defendant knew this witness and therefore had knowledge of his name. It is a probability that tends to establish the main fact in the case.

The Court: I take in that the commonwealth is always entitled to identify the man whose signature they claim has been forged to an instrument by which some fraud was perpetrated, and as bearing upon that, I cannot see any reason why the commonwealth cannot make proof of the association between the witness and the defendant, connected with the proof that the signature in question was not that of the witness. I am inclined to admit the offer, and therefore I overrule the objection. Exception noted for the defendant. [1]

Isadore Goodman was asked the question:

" Q. I show you commonwealth's exhibit 'A,' and I ask you to look at the signature to that exhibit, and I ask you in your opinion, from your knowledge of his handwriting, is that William Grauman's handwriting? "

Mr. Levy: We object to that question, the witness has not been shown competent.

The Court: I understand the question to be this: Look at the signature of Valentine Kautz on the note marked commonwealth's exhibit "A," and state whether or not that was written by the defendant, or in the handwriting of William Grauman; that is the question, is it?

Mr. Scragg: Yes, your honor.

The Court: The objection is sustained. Exception noted for the defendant. [2]

Mr. Scragg: "Q. From your knowledge of Mr. Grauman's writing, I show you the same exhibit and ask you to examine the handwriting in the body of the note and see whether from your knowledge of his handwriting you can say whether it is in his writing? A. I think it is, yes. Q. I ask you to examine the signature and say whether it is in his handwriting."

Mr. O'Brien: We object to that as immaterial and incompetent.

The Court: Objection sustained. [3]

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions; (4, 5) the insufficiency of the charge.

*John F. Scragg* and *A. A. Vosburg,* with them *James J. Powell,* for appellant.—The learned trial judge allowed a man named Valentine Kautz to be sworn and testify that he never signed the note which the appellant is charged with having forged, and to show that he had known the appellant two years before.

This, without anything to identify him as the person whose signature the commonwealth contended had been forged, except identity of name: Weidler v. Bank, 11 S. & R. 134; Kocher v. Bowman, 10 Watts, 128; Tams v. Lewis, 42 Pa. 402.

Goodman was competent: Com. v. Pioso, 17 Pa. Superior Ct. 45.

A trial judge must not omit anything favorable to either side in his charge, nor should the charge contain any erroneous statement of law or fact: Jones v. Greenfield, 25 Pa. Superior Ct. 315; Earle v. Arbogast, 180 Pa. 409; Hudson v. Watson, 2 Pa. Superior Ct. 422; Richards v. Willard, 176 Pa. 181; McCord v. Whitacre, 8 Pa. Superior Ct. 277; Stuart v. Line, 11 Pa. Superior Ct. 345.

A charge which fails to adequately present to the jury the issue in the case, is inadequate, and ground for reversal: Richards v. Willard, 176 Pa. 181; McCord v. Whitacre, 8 Pa. Superior Ct. 277; Hudson v. Watson, 2 Pa. Superior Ct. 422; Trietz v. Traction Co., 169 Pa. 516; Stuart v. Line, 11 Pa. Superior Ct. 345; Baldi v. Ins. Co., 24 Pa. Superior Ct. 275; Miller v. Miller, 187 Pa. 572; Com. v. Winkelman, 12 Pa. Superior Ct. 497.

In criminal prosecutions evidence as to the good char-acter of the defendant is to be regarded as evidence of a substantive fact, like any other fact tending to establish the defendant's innocence, and it is to be so regarded both by the court and the jury: Heine v. Com., 91 Pa. 145; Hanney v. Com., 116 Pa. 322.

*R. B. Levy*, with him *David J. Reedy*, district attorney, and *Joseph O'Brien*, for appellee, cited: Lodge v. Phipher, 11 S. & R. 333; People v. Ostrander, 110 Mich. 60; State v. Snider, 132 S. W. Repr. 299; McDuffee v. State, 55 Florida, 125 (46 So. Repr. 721); Com. v. Zappe, 153 Pa. 498.

OPINION BY RICE, P. J., December 9, 1912:

The defendant was charged in the indictment with having forged the signature of Valentine Kautz as maker of a promissory note payable to the order of William Grauman, the defendant, at a certain bank. The note was indorsed by Grauman and Joseph Levy and negotiated and subsequently protested and paid by Levy. The allegation was that the forgery was to the prejudice of Levy and Kautz.

1. The first assignment of error relates to the admission of the testimony of one Valentine Kautz to the effect that about two years before the trial he had become acquainted with the defendant and had borrowed $100 from him, that he repaid the loan, that he had not seen the defendant since, and that the note in question was not signed by him. The fact that the defendant knew the witness and his name prior to the alleged forgery was a relevant fact. Although, standing alone, it might not be of great significance, it bore upon the question of the identity of the person whose name was attached to the note as maker. The identity of name was sufficient to warrant the admission of this evidence as well as of evidence that this Valentine Kautz had not signed the note, even though that evidence might not of itself warrant the absolute conclusion that it was not the genuine signature of a Valentine Kautz. In other words, it was relevant evidence although it might not amount to full proof of forgery; and whether of great significance or not at the time it was admitted, it became very significant when it was followed by evidence of the defendant's declaration that the maker of the note lived on a certain street and by the evidence that this witness lived on that street. "It has often been ruled that if testimony incompetent at the time of its admission, becomes competent at a later stage of the trial, its admission is not cause for reversal:" Laird v. Campbell, 100 Pa. 159. This assignment is not sustained.

2. The defendant called one Isadore Goodman as a witness, and having elicited from him testimony that he had seen the defendant write and had received checks from him, also that he "thought" the body of the note in question was in the handwriting of the defendant, then proposed to ask him whether the signature to the note (Valentine Kautz) was in the defendant's handwriting. The court's rejection of this offer constitutes the subject of the second and third assignments. It is to be remarked in the first place, although we do not put our decision on

that ground, that it does not clearly appear from the offer that the defendant was harmed by the ruling. The witness did not state that he was so well acquainted with the handwriting of the defendant as to enable him to form an opinion as to whether the signature of Valentine Kautz was or was not in defendant's handwriting, nor was there any distinct offer to prove by his testimony that the signature was not in the defendant's handwriting. If such offer had been made, we would be bound to presume that counsel made it in good faith and would support it by evidence, but in the absence of such offer there is no ground for presumption that if the case were reversed the witness on the second trial would give opinion evidence that would be beneficial to the defendant's case. Ordinarily, cases ought not to be reversed and the expense and delay of a second trial be imposed by the appellate court upon mere speculation, and so it has been held in numerous cases that it is incumbent on the party making an offer of evidence to make it sufficiently broad and sufficiently explicit to enable the appellate court, in case of rejection, to determine whether the ruling injured him or not. See Feingold v. Katz, 43 Pa. Superior Ct. 333, and cases there cited. But passing this view of the case, and assuming that the offer was as broad and as explicit as the defendant could be reasonably expected to make it, we are nevertheless of the opinion that the assignments cannot be sustained.

As the witness was not an expert in handwriting his opinion, based on a comparison of the handwriting of the body of the note and the signature, was not admissible: Act of May 15, 1895, P. L. 69; Lodge v. Pipher, 11 S. & R. 333; Groff v. Groff, 209 Pa. 603; Berkley v. Maurer, 41 Pa. Superior Ct. 171. But it is contended that though this be true, yet he had such acquaintance with the handwriting of the defendant as made him competent to express an opinion whether the signature was or was not written by the defendant. Section one of the act of 1895 provides that where there is a question as to any simulated

or altered document or writing, the opinions of certain persons shall be relevant and amongst them "the opinion of any person acquainted with the handwriting of the supposed writer." When the testimony of the witness as to his being "acquainted" with the handwriting of the defendant is carefully scrutinized, it will be seen that it is very meager. He testified that he had seen him write and had received checks from him. Whether he had seen him write more than once, and if so, how many times; whether this was before or after the date of the note in question, and if before, how long before, and what was the nature of the writing he had seen the defendant make, are matters left wholly to surmise. So as to the checks, there is the same indefiniteness as to time, and the added uncertainty as to whether the exemplar in his mind was the handwriting of the body of the checks or of the signatures or of indorsements. It is further to be noticed that there is no evidence that he had any acquaintance whatever with the handwriting of Valentine Kautz, the ostensible maker of the note, or that he had ever seen any writing of the defendant which contained that name. It is not the ordinary case of a witness testifying to the genuineness or falsity of a signature from having seen the person write whose signature it purports to be. In such a case the witness has a picture in his mind of the genuine signature of that person, while in the case in hand the witness had no such standard of comparison. He had no qualification to testify whether the disputed signature was genuine or forged. Granting for the sake of the argument that these matters, whether taken singly or together, were not legally conclusive against the competency of the witness to give his opinion as to whether the signature was or was not in the handwriting of the defendant, they were nevertheless all to be considered by the trial judge in determining the preliminary question whether the witness had such acquaintance with the general characteristics of the defendant's handwriting as rendered him legally competent to testify to such opinion. This preliminary

question was not purely a question of law, but was largely a question of fact, and the determination of it, in the first instance, rested with the trial judge. And because of his superior opportunity to observe the tone, manner, intelligence and vividness and strength of recollection of the witness, the judge's determination of it, though not conclusive, is entitled to great consideration on appeal. The subject was very fully discussed in Nunes v. Perry, 113 Mass. 274, and the conclusion was stated as follows: "In all questions of this nature the ruling at the trial will be sustained, unless it is made clearly to appear that it was based upon some erroneous view of legal principles, or that the ruling was not justified by the state of the evidence as presented to the judge at the time." See also Com. v. Meehan, 170 Mass. 362, and 15 Am. & Eng. Ency. Law, 262 and 281. This view has support in Pennsylvania cases, amongst which may be mentioned Irwin v. Patchen, 164 Pa. 51; Berkley v. Maurer, 41 Pa. Superior Ct. 171, 189, and particularly Wilson v. Van Leer, 127 Pa. 371. In the last-cited case a witness was permitted to testify to the genuineness of a signature to a testamentary paper who had seen the alleged testator write his name twice to letters thirty-two years, and once as an indorsement upon a check twenty-three years, prior to the time when he was called to testify. In the discussion of this ruling of the trial court the Supreme Court, while recognizing the authorities to the effect that a witness who has seen the party write but once and then only his name may be permitted to testify to his opinion as to the falsity or genuineness of the disputed writing, declared that, considering the untrustworthiness of opinions on handwriting in general, "such evidence ought to be guarded with great caution." The court, by MITCHELL, J., then went on to say: "Nor in the nature of things is it possible to fix any arbitrary limit of time within which the witness must have seen the writing done. That must depend on his intelligence, his habit of observation of such matters, the apparent strength and confidence of his memory, etc.,

which must be passed upon in the first instance by the trial judge. Carman's knowledge seems not only to have been extremely stale, but of the narrowest extent, and if the learned judge had held that it was too remote and unreliable to qualify him, we should not have been disposed to disagree with him. But the matter was within his discretion, and his conclusion was, as already said, within the line of the authorities. It was therefore for the jury and not for us to determine the weight to which the testimony should be entitled." Here, as well as in other portions of the opinion, is a clear recognition of the important function of the trial judge in such matters, and of the principle that his determination of the preliminary question is entitled to great consideration on appeal and will not be set aside unless it is plainly wrong. It does not necessarily follow that it must be set aside merely because his determination of it the other way would have been sustained. This is the clear import of the decision in Wilson v. Van Leer, and of other well-considered cases. Viewing the precise question proposed to be asked the witness Goodman in the light of the vague and unsatisfactory evidence adduced in his preliminary examination, and having due regard to the principle defining the function of the trial judge in such matters, we are unable to conclude that he was clearly wrong in excluding it. Therefore the second and third assignments are not sustained.

3. The remaining assignments are to the charge. It does not appear by the record that the defendant excepted to the charge for any reason "alleged regarding the same in the hearing of the court" before the jury retired to consider its verdict, or that the exception which he had the stenographer note was allowed by the court. In short, neither of the methods prescribed by sec. 2 of the Act of May 11, 1911, P. L. 279, for bringing the charge on the record by exception was pursued. But waiving this objection and assuming that the charge is properly before us for review, it is to be noticed that the defendant presented no points, and that the complaint against the instructions

assigned for error is not that what the court said was in itself erroneous in matter of .law, but that the court did not go far enough in instructing the jury as to the presumption of innocence and as to weight and bearing of evidence of good reputation. It is to be noticed further that at the end of his charge the learned trial judge said: "I may have overlooked some feature of the case, if I have, counsel will oblige me by calling my attention to it." Notwithstanding the opportunity thus afforded to counsel to ask the court to supplement its instructions as to the subjects above alluded to, no suggestion was made that the instructions were not adequate in those particulars. In view of what we have said, it will be seen that the case falls within the general principle that where special instructions were not asked for at the trial, and particular error of law or material misstatement of evidence cannot be pointed out, the court will be reviewed on the general effect of the charge and not upon sentences or paragraphs disconnected from the context that qualifies and explains them; if, as a whole, the charge was calculated to mislead, there is error; if not, there is none. See Irons v. Snyder, 49 Pa. Superior Ct. 522, and cases there cited. The charge thus viewed was not misleading, but on the contrary was a clear and adequate presentation of the case.

The assignments of error are overruled, the judgment is affirmed, and the record is remitted to the court of quarter sessions of Lackawanna county with direction that the judgment be fully carried into effect, and to that end it is ordered that the appellant appear in that court and that he be by that court committed to serve and comply with such parts of his sentence as had not been served and complied with at the time this appeal was made a supersedeas.