TAYLOR-WHARTON IRON & STEEL CO. *vs.* H. P. J. EARNSHAW.

Suffolk.   March 16, 1927. — May 20, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence*; Of handwriting.   *Practice, Civil*, Exceptions.

When a writing is offered at a trial as a standard of comparison for proof of the handwriting of a party to be charged by another document, it is for the presiding judge to decide whether the writing on the standard is of the party to be charged; unless the judge's finding is founded on error of law or on evidence which as a matter of law is insufficient to justify it, this court will not revise it upon exceptions.

At the trial of an action by a corporation against one alleged to be the maker of a promissory note, the defendant denied the genuineness of the signature.   The plaintiff's credit manager described the office practices as to receipt of orders, use and issuance of invoices on shipments and the filing of copies thereof until paid, and as to payment of bills, and testified that two or three orders had been received by the plaintiff from the defendant and payment had been made for shipments made under several of the orders.   Shown a letter that was in the plaintiff's "files as received from" the defendant, the witness testified that with the letter there was "a check sent by the sender of the letter," which was deposited and was paid, the corresponding invoice thereupon being removed from the active list in regular routine.   The letter was addressed to a certain person (not the witness) "of the" plaintiff corporation, and purported to be on the stationery of the defendant and to bear his signature.   The witness testified that he never had seen the defendant write anything, and, so far as he knew, the letter and note in suit "may have been signed by somebody other than . . . [the defendant]."   The judge admitted the letter as a standard of the defendant's handwriting. *Held*, that the judge was warranted in finding from the relations between the parties and the course of business between them, and from the fact that the check was enclosed, as well as from their entire conduct, that the letter was authentic and was impliedly, at least, recognized as such by the defendant.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated March 6, 1924.

On removal to the Superior Court, the action was tried before *Flynn*, J.   Material evidence and an exception by the defendant are stated in the opinion.   The judge denied a motion by the defendant for the ordering of a verdict in his

favor. The jury found for the plaintiff in the sum of $1,232.01 and the judge, before the verdict was recorded, reserved leave under G. L. c. 231, § 120, to enter a verdict for the defendant. The defendant alleged exceptions.

*H. A. Magazine*, for the defendant.

*H. W. Packer*, for the plaintiff.

CARROLL, J. This action is on a promissory note for $972, dated November 19, 1921, alleged to have been signed by the defendant as maker, and payable to the plaintiff. The defendant in his answer denied that the signature was genuine.

At the trial the plaintiff's credit manager testified that, in the regular course of the plaintiff's business, when orders are received, each order is filed and a number given it; when a shipment is made an invoice is sent to the customer and a carbon copy kept on file until the invoice is paid, and when paid, the invoice is stamped and taken out "of the active files and filed away"; that the plaintiff had received orders from the defendant, "I imagine two or three orders all told; I don't recall"; and that several of the orders had been paid. The credit manager was then shown a letter dated August 15, 1921, which he said was "in our files as received from Earnshaw"; that with the letter there was "a check sent by the sender of the letter," which was deposited and paid and the invoice removed from the active₀ list in regular routine. The letter of August 15, 1921, was admitted as a standard of the defendant's handwriting. The defendant excepted. On cross-examination the credit manager testified that he never saw the defendant write anything, and so far as he knew, the letter and note in suit "may have been signed by somebody other than . . . [the defendant]." At the conclusion of the plaintiff's evidence the defendant moved for a directed verdict, which was refused. The jury found for the plaintiff.

The letter admitted as a standard of the defendant's handwriting was addressed to John C. Robinson of the Taylor-Wharton Iron & Steel Company, and purported to be upon the stationery of the defendant. It referred to a letter received from Robinson, stated that a check for $392.10 was

enclosed, and was signed "H. P. J. Earnshaw." In the margin was the notation, "Encl. HPJE/AMW." The plaintiff and Earnshaw had had business relations. The letter admitted as a standard was acted on by the defendant. The check enclosed was paid and credit given the defendant. The judge could find from the relations between the parties and the course of business between them, and from the fact that the check was enclosed, as well as from their entire conduct, that the letter of August 15 was authentic and was impliedly, at least, recognized as such by the defendant. *Newton Centre Trust Co.* v. *Stuart,* 201 Mass. 288, 292. When a writing is offered as a standard of comparison it is for the presiding judge to decide whether it is the handwriting of the party to be charged. "Unless his finding is founded upon error of law, or upon evidence which is, as matter of law, insufficient to justify the finding, this court will not revise it upon exceptions." *Costelo* v. *Crowell,* 139 Mass. 588, 590. *Nunes* v. *Perry,* 113 Mass. 274, 276.

The mere fact that a letter has been received is not enough to admit it as a standard of the writing of the one who purported to be the writer; but the letter in question, admitted as a standard, related to a business transaction between the debtor and creditor. The check was in payment of the defendant's debt to the plaintiff, and, although it did not appear who had signed the check, it was sent in payment of a debt which the defendant owed, and credited as such by the plaintiff. There was no error of law in deciding that the standard was genuine.

*Exceptions overruled.*