### LISLE L. DAVIS *vs.* MARY E. MEENAN.

Suffolk.    January 9, 1930. — January 29, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Evidence*, Of signature.

Where, at the trial of an action on a promissory note, the genuineness of the signature of the maker is in issue, a standard of his handwriting may be proved by circumstantial or by any other competent evidence, and it is for the trial judge to decide in the first instance whether there is sufficient evidence to permit the standard offered to be introduced in evidence.

At the hearing in a municipal court of an action against the maker of a negotiable promissory note, the genuineness of the defendant's signature was in issue. Against objection by the defendant, the judge admitted in evidence a mortgage deed, which purported to be signed by the defendant, which contained a reference to a note with the same number, date, rate of interest and amount payable as the note declared on, and which bore a certification by a notary public of this Commonwealth that the mortgagor "to me personally known, this day acknowledged before me that she executed the foregoing mortgage." Excepting the note, there was no other evidence. The judge found that the deed was signed by the defendant; refused to rule that there was not sufficient evidence to warrant a finding that the signature on the note was that of the defendant, and that the introduction of a mortgage showing a signature upon which an acknowledgment had been taken by a notary public was not evidence that the writing in question was the signature of the defendant; and found for the plaintiff. *Held,* that

(1) The fact, that a person whose name purports to be signed to a deed either swore to it or acknowledged it before a notary public, is evidence warranting an inference that he signed the document;

(2) The judge's findings were warranted.

CONTRACT upon a negotiable promissory note alleged to have been signed by the defendant. Writ in the Municipal Court of the City of Boston dated February 13, 1929.

Findings and rulings by the trial judge are stated in the opinion. He found for the plaintiff in the sum of $1,376.70 and reported the action to the Appellate Division. The report was ordered dismissed. The defendant appealed.

*B. Welansky,* for the defendant.

*C. P. Houston,* for the plaintiff.

SANDERSON, J. This is an action of contract on a nego-tiable promissory note in which the plaintiff as holder seeks to recover against the defendant as maker. The answer put in issue the genuineness of the defendant's signature. The defendant objected to the introduction in evidence as a standard of her handwriting a mortgage deed alleged to have been signed by her and also to the introduction of the note on which the action was based. The certificate on the mortgage deed signed by the notary public was in part as follows: "I, an officer authorized to take acknowledgments of deeds according to the laws of the state of Massachusetts, hereby certify that Mary E. Meenan, to me personally known, this day acknowledged before me that she executed the foregoing mortgage." Following the signature was the notary's official seal. Attached to the mortgage deed was a certificate from the Commonwealth of Massachusetts stating that the notary public was duly appointed a com-missioner to administer oaths. The mortgage deed con-tained a reference to a note with the same number, date, rate of interest and amount payable as the note upon which the plaintiff declared in this action. The date of the mort-gage deed was May 24, 1926, and the date of the note was August 17, 1925.

No other evidence was introduced. The judge refused the defendant's requests for rulings to the effect that the finding should be for the defendant; that there is not sufficient evidence to find that the signature on the note was that of the defendant; that the introduction of a mort-gage showing a signature upon which an acknowledgment has been taken by a notary public is not evidence that the writing in question is the signature of the defendant. The judge of the Municipal Court found for the plaintiff and reported the case to the Appellate Division, which ordered the report dismissed.

A standard of handwriting may be proved by circum-stantial or any other competent evidence, and it is for the trial judge to decide in the first instance whether there is sufficient evidence to permit the standard offered to be in-troduced in evidence. "So far as his decision is of a ques-

tion of fact merely, it must be final, if there is any proper evidence to support it." *Commonwealth* v. *Coe*, 115 Mass. 481, 505. *Commonwealth* v. *Tucker*, 189 Mass. 457, 474. *Commonwealth* v. *O'Brien*, 254 Mass. 86. *Taylor-Wharton Iron & Steel Co.* v. *Earnshaw*, 259 Mass. 554. The evidential value of circumstantial proof may be left to the fact-finding tribunal. *Newton Centre Trust Co.* v. *Stuart*, 201 Mass. 288, 292. The identity of the defendant as the person who appeared before the notary public is established by the statement in the record that the "mortgage deed was sworn to by the defendant before a notary public of the Commonwealth of Massachusetts." We assume that the statement that the deed was sworn to by the defendant was intended to mean that she acknowledged it. G. L. c. 183, § 30, provides that the acknowledgment of a deed shall be by one or more of the grantors and sets forth in the appendix to that chapter the forms which may be used. If a person whose name purports to be signed to a deed either swears to it or acknowledges it before a notary public, that is evidence from which the judge could infer that she signed the document. This inference is strengthened by the absence of any evidence on her part tending to prove that she did not sign it. See *Commonwealth* v. *Coe, supra,* at page 504; *Commonwealth* v. *Tucker*, 189 Mass. 457, 471. The judge having found the standard to be written by the defendant, had a right to decide, upon comparing it with the signature on the note, whether or not the defendant signed the note.

*Order dismissing report affirmed.*