## MARY E. LAFFEY *vs.* ALBERT MULLEN.

Suffolk.   December 8, 1930. — April 6, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence*, Contributory, Assumption of risk, Motor vehicle.

A girl, who, at the age of seventeen, was injured by reason of gross negligence of the driver of a tandem motor cycle when, as a guest of the driver, she was riding on the rear seat, was twenty years of age at the time of the trial of an action brought by her against the driver, and testified in cross-examination in substance that she never before had ridden upon a motor cycle; that the defendant, against her complaints, drove at an unreasonable speed and failed to heed her, though at one time she pounded his back and asked him to go more slowly; that she was told the headlight was poor and the brakes defective; that the cold air forced her to keep her head down behind the driver's back so that she could not see the road ahead; that she had several opportunities to alight and refuse to go further which she did not take, although there were opportunities to telephone to her home whence her father's automobile could have come for her. She did not refuse to continue to ride with the defendant. There was testimony of other witnesses from which the jury might have been justified in rejecting the plaintiff's testimony as to her knowledge and feelings. A verdict was ordered for the defendant. *Held*, that
    (1) No witness other than herself could know the plaintiff's knowledge and feelings as she did, and she was bound by the assertions she so made as a witness under oath;
    (2) As a matter of law it was established by the plaintiff's testimony that she confided her care solely to the defendant, accepted the risks of the ride, and did not do what she might have done to secure her safety;
    (3) Such conduct on the part of the plaintiff, a guest, precluded recovery against the defendant, her host.

TORT.   Writ dated January 12, 1928.

In the Superior Court, the action was tried before *Walsh*, J.   At the time of the trial, the plaintiff was twenty years of age.  Her testimony, described in the opinion, was given under cross-examination.

There was a verdict for the plaintiff in the sum of $4,300, recorded with leave reserved under G. L. c. 231, § 120.

Thereafter the judge ordered a verdict entered for the defendant. The plaintiff alleged exceptions.

*J. M. Graham*, for the plaintiff.

*S. P. Sears*, for the defendant.

WAIT, J. The plaintiff was injured when a tandem motor cycle on which she was riding as a guest of the defendant, the driver, overturned in consequence of striking from behind a slowly moving horse-drawn tip cart. The accident took place on the broad and much used Taunton Turnpike in the dusk of a bitterly cold November afternoon. Both parties then were minors, the plaintiff seventeen and the defendant nineteen years of age. At the trial the judge, pursuant to leave reserved under G. L. c. 231, § 120, ordered a verdict entered for the defendant. The case is before us upon the plaintiff's exception to this order. For the purposes of the case, the defendant, in his brief, "concedes that the jury would have been warranted in finding that gross negligence on his part contributed directly to the plaintiff's injuries." It is his contention that the plaintiff was precluded from recovery.

Although the credibility of the testimony of the plaintiff with regard to what she knew and felt was so affected by testimony from other witnesses that the jurors would be justified in rejecting her statements, we think she is bound on this issue by what she has asserted under oath. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405. *Fortune* v. *New York, New Haven & Hartford Railroad*, 271 Mass. 101, 104, and cases cited. No other witness could know her knowledge and feelings. *Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163, 165, 166, is not applicable. It is not open to her to ask that her testimony in that respect should be disbelieved because testimony of others tended to show the nonexistence of facts which as she asserted affected her conduct. She testified that she had never before ridden upon a motor cycle; that the defendant, against her complaints, drove at an unreasonable speed and failed to heed her, though at one time she pounded his back and asked him to go more slowly; that she was told the headlight was poor and the brakes defective; that the

cold air forced her to keep her head down behind the driver's back so that she could not see the road ahead; that she had several opportunities to alight and refuse to go further which she did not take, although there were opportunities to telephone to her home whence her father's automobile could have come for her. She never refused to go on. This establishes that, knowing the speed, the reckless driving, the questionable headlight and the doubtful brakes, she confided her care solely to the defendant, she accepted the risks of the ride, and she did not do what she might have done to secure her safety.

Whether or not this be properly described as contributory negligence, it is conduct which precludes recovery against a host. It is full acceptance of appreciated risks.

Elements are lacking which in *O'Connell* v. *McKeown*, 270 Mass. 432, and *Gallup* v. *Lazott*, 271 Mass. 406, took the cases to a jury.

The case falls within the class illustrated by *Lambert* v. *Eastern Massachusetts Street Railway*, 240 Mass. 495, and *Oppenheim* v. *Barkin*, 262 Mass. 281.

*Exceptions overruled.*