THOMAS E. CURLEY vs. THOMAS MAHAN.

SAME vs. ALEXANDER STAWIECKI.

Worcester.    September 25, 1934. — November 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Motor vehicle, In use of way, Gross, Assumption of risk, Contributory, Of guest.

At the trial of an action against the operator of a tandem motor cycle for personal injuries sustained, by one riding on the rear seat as a guest of the defendant, when the motor cycle collided with an automobile, there was uncontradicted evidence that during the journey the plaintiff told the defendant that he was driving too fast and that the plaintiff was "scared," and that thereafter the defendant stopped in a town for several minutes before continuing the journey. The plaintiff testified that he again objected to the excessive speed of the motor cycle after the journey had been resumed and previous to the collision. There was evidence that the defendant operated at an excessive and unlawful speed shortly before the collision; and that the plaintiff, upon seeing the automobile approaching, called the defendant's attention to it, whereupon the defendant turned his head to the left for a "very short period, four or five seconds" and told the plaintiff not to be afraid, and then reduced the speed of the motor cycle. There was no evidence to show that during such conversation the defendant's attention was diverted from the operation of the motor cycle or that the turning of his head interfered with his seeing the automobile. The defendant testified that he did see it, but not as a result of anything which the plaintiff said. *Held*, that
(1) A finding was not warranted that the defendant was guilty of gross negligence;
(2) Since the plaintiff failed to withdraw from the journey at the town after he had come to realize the risk of the speed at which the defendant was operating, it was proper to rule that he was guilty of conduct which precluded recovery;
(3) The plaintiff could not recover.
The action above described was tried together with an action by the same plaintiff against the operator of the automobile. There was further evidence that the automobile was going in the direction opposite to that in which the motor cycle was going; that when the plaintiff first saw the automobile it was about three hundred feet away and on its left side of the road; that it then was driven to its right side of the road; that when the vehicles were about fifty feet apart, the automobile "shot right across" the center of the road again; and

that the collision occurred on its left side of the road. *Held,* that the questions, whether the defendant was negligent and whether the plaintiff was guilty of contributory negligence, properly were submitted to the jury; and that a verdict for the plaintiff was warranted.

Two ACTIONS OF TORT. Writs in the Central District Court of Worcester dated February 15, 1933.

Upon removal to the Superior Court, the actions were tried together before *Donnelly,* J. Material evidence is stated in the opinion. The judge denied a motion by the defendant in each action that a verdict be ordered in his favor. There was a verdict for the plaintiff in each action in the sum of $7,625, the verdict in the first action being recorded subject to leave reserved. At the hearing of a motion by the defendant in the first action that a verdict be ordered entered in his favor, the judge ruled that, regardless of the question of gross negligence, the plaintiff was not in the exercise of due care and that he was guilty of contributory negligence or at least was guilty of such conduct as to preclude his recovery; and allowed the motion. The plaintiff alleged exceptions in the first action, and the defendant alleged exceptions in the second action.

*H. Zarrow,* (*M. N. Abodeely* with him,) for the plaintiff.

*J. Joseph MacCarthy,* for the defendants.

PIERCE, J. This is a joint bill of exceptions of Thomas E. Curley, the plaintiff, in the case against the defendant Thomas Mahan, and of the defendant Alexander Stawiecki in the case of Curley against Stawiecki, consolidated by agreement of all parties in interest.

The actions are in tort. They arise out of personal injuries received as the result of an automobile accident that occurred on July 9, 1932, about 8 P.M. on a public way in the town of Dudley, which is the main road between Southbridge and Webster. The accident involved a collision between a motor cycle, owned and operated by the defendant Mahan, which was proceeding easterly toward Webster, and an automobile operated by the defendant Stawiecki, which was proceeding in the opposite direction toward Southbridge. The motor cycle was of the tandem style, with two wheels, and a seat directly behind the operator,

on which seat the plaintiff was riding at the time of the accident. At the place where the collision occurred the road is constructed of macadam at its intersection with a dirt road on the south known as the Wilkinsonville road and a macadam road on the north known as the Dudley road. At the close of the evidence the trial judge denied a motion by the defendant for a directed verdict in each case. Each defendant duly excepted. The cases were then submitted to the jury which returned a verdict for the plaintiff in each case. The trial judge before entry of the verdict in the Mahan case reserved leave, with the assent of the jury, to enter a verdict for the defendant. The defendant Mahan presented a motion for a verdict in accordance with leave reserved which was allowed by the judge. To the allowance of this motion the plaintiff duly excepted.

In the case against Mahan the plaintiff sought to recover on the ground of gross negligence. In the case against Stawiecki the plaintiff sought to recover on the ground of ordinary negligence. All the evidence material to the issues raised by the bill of exceptions is contained in the record. The facts most favorable to the plaintiff, as they might have been found by the jury, are in substance as follows: On the evening of July 9, 1932, the plaintiff, while in Charlton, Massachusetts, was invited by the defendant Mahan to ride with him to Webster on Mahan's motor cycle. It was about 7:15 P.M. and had been raining. The plaintiff mounted on the tandem seat and Mahan drove the motor cycle toward Southbridge. From Charlton to Southbridge Mahan drove the motor cycle at a speed of forty-five to fifty miles an hour, although at times he slowed down to fifteen or twenty miles an hour. In Southbridge Mahan stopped to talk with some girls for five minutes. After that lapse of time Mahan proceeded in the direction of Webster at a speed of forty to forty-five miles an hour. They came to the foot of a hill just before the accident and there Mahan increased the speed to fifty or fifty-five miles an hour. The hill was about one thousand feet long with an uphill grade of six per cent in the direction in which the motor cycle was proceeding. At the crest of the hill there was a curve to the

left. At the top of the hill there were intersecting roads, one on the northerly side, known as the Dudley road, the other on the southerly side of the main road leading to Wilkinsonville. Coming uphill the view is obstructed by a knoll on the northerly side of the road and by the curve to the left. A white line three or four inches wide is painted on the surface of the main road, indicating the center of the road. The jury viewed the scene of the accident. On the way from Charlton to Southbridge the plaintiff told Mahan that he was driving too fast and that he was scared. This was the plaintiff's first ride on a motor cycle. After leaving Southbridge as the defendant speeded up the hill at the rate of fifty to fifty-five miles an hour the plaintiff said to Mahan that "he was afraid," and Mahan replied there was "no need of being afraid" and continued on. Near the top of the hill, just as the motor cycle was rounding the curve, it was travelling at a speed of fifty-five to sixty miles an hour. At the top of the hill the plaintiff saw the automobile driven by the defendant Stawiecki about three hundred feet away. The motor cycle was then about one hundred fifty feet west of the intersecting roads and the automobile about one hundred fifty feet east of that intersection. When the plaintiff saw the automobile he told Mahan "to look out, that there was a car in front of him." Mahan turned his head to the left for a "very short period, four or five seconds," and said, "Don't be afraid," then he "turned right around and shut off the gas and applied the brake." The automobile was on the left side of the road when first seen by the plaintiff, then it was driven to the right side, and then, when it was within fifty feet of the motor cycle, it started on an angle and "shot right across the white line again." The collision occurred on the automobile's left side of the road at a point seventy to seventy-five feet east of the intersection of the roads above described, on the Webster side. At the moment of the collision the motor cycle was travelling thirty to forty miles an hour and the automobile was going at the rate of fifteen to twenty miles an hour. There was no testimony that Mahan did not see or could not see the automobile as

soon as the plaintiff did; and Mahan testified that he did see the automobile but not as the result of anything the plaintiff said.

Assuming a finding of the above facts and an additional finding, based on the testimony of the plaintiff, that the defendant Mahan was a careful driver except as to speed, it could have been ruled on such facts under G. L. (Ter. Ed.) c. 90, § 17, that Mahan was *prima facie* guilty of negligence in that just before the accident he operated his motor cycle for a quarter of a mile up the hill faster than thirty miles an hour, and also because he drove around a curve where his view was obstructed and there were intersecting roads faster than fifteen miles an hour. As between the plaintiff and Mahan, the ruling of the judge, "that regardless of the question of gross negligence . . . the plaintiff . . . was not in the exercise of due care, and that he was guilty of contributory negligence, or at least was guilty of such conduct as to preclude his recovery," manifestly was intended to be an application of the rule of law governing similar facts laid down in *Laffey* v. *Mullen*, 275 Mass. 277, 279. More specifically, the judge evidently had in mind and framed his ruling upon the admitted, or uncontradicted, fact that the plaintiff at Southbridge had full opportunity to withdraw from the trip after he had objected to the excessive rate of speed at which the motor cycle was driven from Charlton to Southbridge. It is to be noted that the testimony of the plaintiff warranted a finding that after the motor cycle left Southbridge he objected to this excessive rate of speed almost up to the moment of the accident. In some circumstances it has been held that the failure of a guest to withdraw from a vehicle operated at an excessive rate of speed may be a bar to his action against the driver of the vehicle. *Lambert* v. *Eastern Massachusetts Street Railway*, 240 Mass. 495. *Oppenheim* v. *Barkin*, 262 Mass. 281. Similarly a plaintiff may be barred of action against a third person whose negligence contributed to his injury, even though the negligence of the host is not in such circumstances imputable to the guest. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, 323. *Barry* v. *Harding*, 244 Mass. 588, 593.

In most cases, especially when the evidence is conflicting, the question, whether the plaintiff exercised due care for his safety, is for the jury. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, 323. *O'Connell* v. *McKeown*, 270 Mass. 432. *Gallup* v. *Lazott*, 271 Mass. 406, 409. *Schusterman* v. *Rosen*, 280 Mass. 582, 587. There is nothing in the evidence to warrant a finding that the plaintiff participated in the negligence of Mahan by failing to warn him that he was driving at excessive speed in respect to the comfort and safety of the plaintiff, or in respect to the use of the road by other motor vehicles.

The evidence did not warrant a jury in finding that Mahan was guilty of gross negligence because of the admitted fact that he turned his head to the left, for a period estimated by the plaintiff as about four or five seconds, while the plaintiff called to him to "Slow down" and he answered "not to be afraid." There is nothing in the evidence or the circumstances to warrant a finding that, during the time of the above talk, Mahan's attention was diverted from the operation of the motor cycle or that the turning of his head interfered with his seeing approaching vehicles. The fact that his view of the road was not wholly withdrawn distinguishes the case at bar from *Crowley* v. *Fisher*, 284 Mass. 205, and similar cases. See *McKenna* v. *Smith*, 275 Mass. 149; and compare *Meeney* v. *Doyle*, 276 Mass. 218, *Green* v. *Hoffarth*, 277 Mass. 508, 516.

The ruling that the plaintiff had no cause of action against Mahan was right. The plaintiff knew before Southbridge was reached the manner in which Mahan was operating his motor cycle and complained to him of it. There is no evidence that Mahan agreed to diminish the speed as they should go on; he said it was not dangerous. In these circumstances the plaintiff must be held to have appreciated the risk of the excessive speed which continued after they left Southbridge and chose to take such risk. The case is governed by *Laffey* v. *Mullen*, 275 Mass. 277, 279.

The case against Stawiecki was submitted to the jury rightly. The testimony of the plaintiff and of the defendant

Mahan as to the course of the automobile in swinging to the left and then to the right and finally turning to the left, so that after the collision the Stawiecki automobile was straddling the center line of the road, was corroborated by other witnesses, and, if their testimony were believed, would be some evidence of negligence which required that the case be submitted to the jury. *Bogert* v. *Corcoran*, 260 Mass. 206, 208. The issue of the contributory negligence of the plaintiff was submitted rightly to the jury, presumably with full instructions. *Regan* v. *Rosenmark*, 272 Mass. 256, 257.

In each action the entry is to be

*Exceptions overruled.*