MARGARET MOORE *vs.* PHILIP PATRONE.

Plymouth.   May 13, 1937. — September 16, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Contributory, Gross, Motor vehicle, In use of way.

Evidence that, after warning the operator of an automobile as to his improper driving, a passenger had an opportunity to leave the automobile but also had reason to believe that the warning had been heeded and the operator's driving corrected, did not require a ruling that the passenger was guilty of negligence contributing to his injury through subsequent improper driving.

A finding that an operator of a motor vehicle was grossly negligent was warranted by evidence that, after improper driving caused by his falling asleep, he was aroused by a passenger and then continued to drive, but again fell asleep and drove off the road.

TORT. Writ in the District Court of Brockton dated July 16, 1936.

The action was heard by *McLeod*, J., who found for the plaintiff in the sum of $6,000. A report to the Appellate Division for the Southern District was ordered dismissed. The defendant appealed.

*A. Kupka*, (*E. G. Townes* with him,) for the defendant.

*W. G. Cogan*, for the plaintiff.

QUA, J. On October 19, 1935, on Washington Street in Easton, the defendant drove his automobile off his left

hand side of a "through lane, cement paved, state highway, about thirty feet wide, with eighteen-inch macadam shoulders" and struck a telegraph pole located about five feet from the cement pavement, thereby injuring the plaintiff, who was a passenger in the automobile.

The trial judge found as facts that the plaintiff was in the exercise of due care and that the defendant was guilty of gross negligence, and found for the plaintiff.

The evidence was this: After the parties had been riding three or four hours, beginning "earlier in the evening," "conversation had lapsed." About three minutes before the accident the defendant drove on the left side of the road. The plaintiff said, "What's the matter, Phil," and the defendant pulled his car over to the right hand side. About a half mile from the place of the accident the defendant stopped for a traffic light, and when the light changed he went on. About four hundred feet from the place of the accident the defendant again drove to the left side of the road. The plaintiff again spoke to him, but the defendant made no reply and continued to drive toward the left of the roadway. Once more the plaintiff said, "What's the matter?" and the defendant made no reply. The plaintiff saw the pole in front of the automobile and screamed. The speed of the automobile was about thirty-five miles an hour. There was further evidence to the effect that the defendant had fallen asleep.

The judge could properly find that the plaintiff had taken ordinary precaution for her own safety. After the first warning the defendant had corrected his course, had driven a considerable distance, and had obeyed the traffic signals. The plaintiff had reason to think that it was safe to continue riding with him. When next the defendant showed signs of erratic driving, the plaintiff tried to arouse him, but could do nothing more to protect herself. *O'Connell* v. *McKeown,* 270 Mass. 432. *Gallup* v. *Lazott,* 271 Mass. 406, 409. *Caldbeck* v. *Flint,* 281 Mass. 360. *Stowe* v. *Mason,* 289 Mass. 577, 582. Compare *Oppenheim* v. *Barkin,* 262 Mass. 281; *Laffey* v. *Mullen,* 275 Mass. 277; *Curley* v. *Mahan,* 288 Mass. 369, 373.

A ruling of law that there was no evidence of contributory negligence[*] is rendered immaterial by the judge's finding that there was no contributory negligence in fact.

There was also evidence of the defendant's gross negligence. The dangers inherent in going to sleep at the wheel are obvious to every driver. If it be true that sleep may sometimes overtake its victim unawares, this is hardly such an instance. It could have been found that the defendant had been warned once, and that his failure to guard against a second lapse was "a manifestly smaller amount of watchfulness and circumspection than the circumstances require[d] of a person of ordinary prudence." *Altman* v. *Aronson*, 231 Mass. 588, 592. *Blood* v. *Adams*, 269 Mass. 480. The case is stronger for the plaintiff in these particulars than *Shriear* v. *Feigelson*, 248 Mass. 432.

The defendant's tenth request was confined to the bare facts of running off the road and striking a "tree." The judge could rule that those facts alone did not show gross negligence and yet could find gross negligence on all the facts.

We have dealt with all matters argued by the defendant.

*Order dismissing report affirmed.*