ANNA McGAFFIGAN *vs.* JOHN B. KENNEDY.

MARION RYAN *vs.* SAME.

JAMES J. WATERS, JR. *vs.* SAME.

Suffolk.   Middlesex.   October 6, 1938. — December 28, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Evidence,* Hospital record. *Hospital. Practice, Civil,* Preliminary question. *Negligence,* Gross, Motor vehicle, In use of way, Assumption of risk, Contributory.

Whether a hospital, whose records are offered in evidence under G. L. (Ter. Ed.) c. 233, § 79, is one included within the provisions of c. 111, § 70, is a preliminary question to be decided by the trial judge, and his decision thereof is final unless it appears that the evidence did not warrant it as a matter of law.

No error appeared in a decision by a trial judge that an incorporated hospital, receiving no support from the Commonwealth or any municipality, supported by its receipts from patients, but treating without charge charity cases for the town where it was located, was one whose records might be received in evidence within G. L. (Ter. Ed.) c. 233, § 79.

Evidence that operation of an automobile at night at a high speed on roads with which the operator was not familiar was persisted in against remonstrances by guests therein, and that, just before a collision with the rear of a truck in plain view on a lighted road, he deliberately turned in his seat without slackening speed and took his attention from his driving, warranted a finding of gross negligence on his part.

Evidence that a guest in an automobile who had remonstrated with the operator respecting his driving during a stop in the journey, nevertheless returned to it and resumed the journey did not as a matter of law require a finding that the guest was guilty of contributory negligence or assumed the risk of injury through that manner of driving, where

there also was evidence that he justifiably assumed that his remonstrances would be heeded and that at the time of the reëntry he was far from home at a late hour of night and there was no evidence of other means of conveyance available.

THREE ACTIONS OF TORT. Writs in the Superior Court dated April 6, 1934.

The defendant's answers contained only a general denial and an allegation of contributory negligence.

The actions were tried together before *Walsh*, J., and there were verdicts for the plaintiffs respectively in the sums of $6,101.67, $915.25, and $610.10. The defendant alleged exceptions.

*J. F. Cavanagh*, for the defendant.

*J. F. Dunn*, for the plaintiffs.

DOLAN, J. These three actions of tort, to recover compensation for personal injuries sustained by the plaintiffs while riding as guests in an automobile operated by the defendant, were tried to a jury, which returned a verdict in each case for the plaintiff. They now come before us on the exceptions of the defendant to the admission of certain evidence and to the denial of his motion in each case for a directed verdict.

The defendant excepted to the admission in evidence of records of the New England Sanitarium relative to the treatment of the plaintiffs following the accident, on the ground that the hospital was not one within the meaning of G. L. (Ter. Ed.) c. 111, § 70, and that therefore its records were not admissible under the provisions of G. L. (Ter. Ed.) c. 233, § 79. Prior to the admission of the records, the record librarian testified that the hospital was an incorporated one; that it received no support by contributions from the Commonwealth or from any town; that it was supported by its receipts from patients but treated the "charity cases for the Town of Stoneham" without charge. Whether the hospital involved was one included within the provisions of G. L. (Ter. Ed.) c. 111, § 70, was a preliminary question of fact to be decided by the judge. *Gorton* v. *Hadsell*, 9 Cush. 508, 511. *Lake* v. *Clark*, 97 Mass. 346, 349. *Commonwealth* v. *Reagan*, 175 Mass. 335, 336, 337. *Davis* v.

*Meenan,* 270 Mass. 313, 315. The determination of that fact by the judge is conclusive unless it appears that the evidence did not warrant the finding as a matter of law. *Dexter* v. *Thayer,* 189 Mass. 114, 115. *Slotofski* v. *Boston Elevated Railway,* 215 Mass. 318, 320. *Kelley* v. *Jordan Marsh Co.* 278 Mass. 101, 106–107. The mere fact that a charge is made by an incorporated hospital to those able to pay for treatment does not exclude it from the provisions of the statutes before referred to, when, as in the instant cases, it appears that it does offer treatment to patients free of charge. See *New England Sanitarium* v. *Stoneham,* 205 Mass. 335, 341–342, and cases cited; *Beverly Hospital* v. *Early,* 292 Mass. 201. We think the evidence warranted a finding that the hospital in question was an incorporated one offering treatment to patients free of charge within the meaning of G. L. (Ter. Ed.) c. 111, § 70, and that the records objected to by the defendant were properly admitted in evidence.

The defendant's motion in each case for a directed verdict was specifically rested on two grounds. The first reads as follows: "As a matter of law the credible evidence does not warrant the finding that the defendant was guilty of gross negligence." Manifestly the judge could not separate the evidence into that which was credible and that which was incredible. The weight to be given evidence is commonly for the jury. *Commonwealth* v. *Davis,* 284 Mass. 41, 51. Without approving the form, we treat the use of the word "credible" as inadvertent, and the motion, so far as the first ground is concerned, as if it had been based on all the evidence. The motion could not properly have been granted on that ground. There was ample evidence, which need not be recited in detail, to warrant a finding by the jury that the defendant at the time of the accident was guilty of gross negligence. It is sufficient to say that for a considerable period prior to the accident and when it occurred he was driving at the rate of speed of fifty to sixty miles an hour (see G. L. [Ter. Ed.] c. 90, § 17; *Picarello* v. *Rodakis,* 299 Mass. 33, 36) over roads with which he was not familiar. There was also evidence of "persistence

in a palpably negligent course of conduct over an appreciable period of time," *Dean* v. *Bolduc,* 296 Mass. 15, 17, conduct persisted in despite remonstrances against the speed at which he was driving. The jury could also find that just before the happening of the accident the defendant turned his head to the rear of the automobile; that this act was not momentary or partial but was a deliberate and complete inattention to the operation of the vehicle, and was one that was not associated with the business of operating it. See *Kirby* v. *Keating,* 271 Mass. 390; *Meeney* v. *Doyle,* 276 Mass. 218, 220; *Crowley* v. *Fisher,* 284 Mass. 205, 206. Compare *Folan* v. *Price,* 293 Mass. 76, 78. Although the defendant was "near-sighted or far-sighted" and wore eyeglasses at times, he wore none at the time of the accident. Just after he turned his head to the rear of the vehicle, while proceeding at a rate of speed of fifty to sixty miles an hour, he crashed into the rear of a truck on a road lighted by city lights, where there was a clear vision for a quarter of a mile from the point of collision. The motions for directed verdicts on the ground that the evidence would not warrant a finding that the defendant was guilty of gross negligence were properly denied.

The second ground assigned in each of the motions for directed verdicts is as follows: "Testimony of the plaintiff is that she (he) warned and cautioned the defendant on improper and negligent driving; that she (he) left the car at Canobie Lake and again at Lawrence, and voluntarily returned each time. Having had an opportunity to leave the car, she (he) elected to return and remain in the car, and as a matter of law, plaintiff cannot recover." While this ground leaves out of consideration other evidence bearing on the issue of assumption of risk or contributory negligence on the part of the plaintiffs, since the result will be the same, we treat the motions for directed verdicts on this ground as if they were predicated on all the evidence.

With relation to this issue the evidence tends to show the following facts: On the evening of September 28, 1933, the plaintiffs and one Murphy and one Day started from the Metropolitan Theatre in Boston to drive to Rocking-

ham Park, New Hampshire, in an automobile operated by the defendant. As the defendant was "trying to get his car out at the theatre" he "nicked" another "car." Upon arriving at Rockingham Park the defendant and his companions were unable to gain admission, and they proceeded from there to the cottage of Day, at Canobie Lake, where they remained for about a half hour. When the defendant and his companions were about to leave Canobie Lake there was some discussion as to the previous conduct of the defendant in operating the vehicle, and Day asked to be permitted to drive as he knew the road better than the defendant, but the latter refused to permit Day to drive, saying that he (the defendant) "could drive . . . all right." He did operate the automobile when they left and "On the road from the Day cottage at Canobie Lake to Lawrence the defendant drove the car between fifty and fifty-five miles an hour, and . . . someone in the car cautioned the defendant about his driving, and he just answered 'O.K.'" "He would go along a little ways, and then he would start up fast again." Arriving at Lawrence, they stopped and entered a restaurant. As they were about to resume their journey to Boston, the plaintiff Ryan said to the defendant, "For God's sake, take it easy for the rest of the way home," and the plaintiff McGaffigan "requested that he be careful before she stepped into the car." The plaintiff Ryan "asked the defendant if he would not please go slow the rest of the way home, as . . . [they] were late then, and . . . [they] might as well be a little later, it would not matter." As they came out of the restaurant the plaintiff Waters said to the defendant, "You better go a little more slowly," because he was worried at that time. The defendant made no reply and the parties reëntered the automobile. The defendant operated the vehicle at the rate of about thirty-five miles an hour on the "busy" streets of Lawrence, but when it "got on the cemented road" he again increased its speed to fifty miles an hour. Another stop was made and the defendant "went into the woods." Upon his return the plaintiffs again requested him to "take it easy," to "go more slowly." He had been

driving about four minutes thereafter when the accident occurred in the circumstances already recited.

It is true that recovery may be denied a passenger who, after having had an opportunity to alight, elects to remain in a vehicle that is being driven in a dangerous manner, the operator of which is utterly heedless of the passenger's remonstrances and says or does nothing to lead the passenger to believe that the vehicle will thereafter be driven in a prudent manner. *Laffey* v. *Mullen,* 275 Mass. 277, 278–279. *Curley.* v. *Mahan,* 288 Mass. 369, 374. Where, however, as in the cases at bar, the words or conduct of the operator, when remonstrated with by the plaintiffs, might be found to have led them to believe that the remonstrances would be heeded by the driver, and they were in a situation where they were far from home at a late hour at night and there was no evidence of other means of conveyance available to them, we think the judge could not rule as matter of law that they assumed the risk and were negligent in continuing to ride with the defendant. *Dean* v. *Bolduc,* 296 Mass. 15, 18. *Moore* v. *Patrone,* 298 Mass. 198, 199. The question was one for the determination of the jury. *O'Connell* v. *McKeown,* 270 Mass. 432, 435. *Caldbeck* v. *Flint,* 281 Mass. 360, 363. *Semons* v. *Towns,* 285 Mass. 96, 98.

*Exceptions overruled.*