No. 2901 Northern Middlesex, ss.

BRANDOLINO (John Finelli)
v. CARRIG (Arthur E. Beane—Joseph Fine
 (Abraham I. Fine)

From the Second District Court of Eastern Middlesex—
Duane, J.

Argued Nov. 24, 1941—Opinion filed Dec. 31, 1941

JONES, P. J. (Wilson, J., and Pettingell, J.)—This is an action of tort in which the plaintiff seeks to recover for alleged injury to his land, caused by excavating and depositing dirt thereon.

There was much evidence at the trial tending to show that the plaintiff owned two adjoining lots of vacant land in Belmont, consisting of about ten thousand feet; that the de-

fendant owned a lot adjoining the plaintiff's and a group of other lots next to and near that one; and the evidence tended to show further, that the defendant, in May of 1940, entered into a written contract with a contractor, under the terms of which he was to construct a group of houses on seven of the defendant's lots, including the one adjoining the plaintiff's; that the building of the houses included the digging of a cellar on each lot; that sometime in June, 1940, the excavating of the cellars was begun, and following that, the excavating of the lot of the defendant, which adjoined the plaintiff's lot, was finished; that the house on the defendant's lot was to be built no closer than seven feet from the line which divided the defendant's lot from the plaintiff's lot; that the cellar was to be dug no closer than that; that the building laws of the Town required the house to be no closer than seven feet from the edge of the lot.

There was further evidence that the defendant did not tell the contractor where the defendant's land line is or was, and further the Court could find that sometime after the excavation the plaintiff discovered the same, and that the dirt taken out of the defendant's land was taken out and thrown over on plaintiff's land; that the depth of the plaintiff's lots was ninety feet; that the dirt was piled a distance of from twenty to thirty feet beyond what the plaintiff considered was his lot line; that at various points along the common lot line the excavation extended more than two feet into the plaintiff's land.

At the close of the trial, before final argument, the defendant made the following requests for rulings:

(2) the evidence does not justify a finding that the defendant committed a trespass upon or injury to, the plaintiff's land.

(b) The evidence does not justify a finding that whoever committed the alleged wrong or trespass was the defendant, or any agent or servant of the defendant for whose conduct the defendant is responsible.

(c) The wrong, if any was committed by an independent contractor and not the defendant or any servant or agent of the defendant for whose conduct the defendant is liable.

The evidence warranted a finding that the defendant committed the injuries. Request (c) also could be rejected as raising only an issue of fact, which the judge's decision has decided against the defendant.

It could be well found by the trial judge that some time prior to the time of excavation the plaintiff called to the defendant's attention that there had been dirt thrown upon the plaintiff's land, and after the defendant made an effort to get the builder to push the dirt back into the excavation and correct the condition caused by the excavation, that the de-

fendant being unable to get the builder to do it, did the work himself, and cleared plaintiff's land as best he could.

There was testimony as to the value of the land after this act of trespass was committed. From this evidence, the trial judge had a right to infer, as he did, that the defendant had trespassed upon the land and committed the act of trespass himself. He possibly may have misbelieved the evidence that the contractor and the defendant had any real contract about the construction of the cellar.

It might be that some other tribunal would come to a different conclusion on the evidence, but this does not prevent a judge before whom the case was tried to come to a different conclusion, and we have no authority to review the evidence upon which those findings were based. *Loanes* v. *Cast,* 216 Mass. 197; the weight to be given the evidence was for the trial judge. *McGaffigan* v. *Kennedy,* 302 Mass. 12.

*Report dismissed.*