IRENE CEREZ vs. GEORGE J. WEBBER, JUNIOR.

Hampden. September 20, 1945. — November 27, 1945.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Negligence*, Motor vehicle, Contributory. *Evidence*, Conflicting statements of witness.

Evidence warranted a finding that a collision between an automobile negligently driven on the wrong side of the road and another automobile travelling in the opposite direction in daylight and clear weather was due also to negligence of the operator of the second automobile who, although he had an unobstructed view of the road ahead for several hundred feet, failed to observe the first automobile until it was twenty to thirty feet away.

In an action for personal injuries sustained by one riding in an automobile involved in an accident, a finding that the accident was not due to intoxication of the operator was warranted by testimony of the plaintiff that three drinks of liquor which the operator had had shortly before the journey began did not appear to affect him at all and that he was "not drunk," notwithstanding further testimony by the plaintiff that "if a man takes one drink he is not sober, and when he takes three he certainly is not sober," and that the plaintiff "knew" the operator was "not sober" and was "under the influence of liquor" when the journey began.

A ruling that the plaintiff in an action for personal injuries sustained while riding in an automobile involved in an accident was barred from recovery by contributory negligence was not required by testimony of the plaintiff which, although showing that when the journey began he knew that the operator had been drinking liquor, warranted a finding that the operator was not under the influence of liquor at the time of the accident or that, if he was, his condition did not contribute to cause it.

TORT. Writ in the District Court of Springfield dated December 2, 1942.

Upon removal to the Superior Court, the action was tried before *Hammond*, J.

In this court the case was submitted on briefs.

*J. D. Ross & C. J. N. Weber*, for the defendant.

*H. A. Moran*, for the plaintiff.

WILKINS, J. This is an action of tort to recover for personal injuries sustained in a collision of automobiles on a public way in Palmer. The judge, subject to the defend-

ant's exception, denied the defendant's motion for a directed verdict, and the jury returned a verdict for the plaintiff.

From the evidence most favorable to the plaintiff there could have been found these facts. On June 6, 1942, about 7 P.M., the plaintiff was a guest in an automobile operated by one Luszcy which was proceeding in a southerly direction on "route 181." It was daylight, and the weather was clear. The defendant was operating his automobile in a northerly direction, and, while there was a slight curve, he had an unobstructed vision of five to six hundred feet. It was open country, and the nearest dwelling was at least a quarter of a mile away. The defendant first observed the Luszcy automobile when twenty to thirty feet away. He applied his brakes, and the automobiles came together.

The plaintiff testified that all she remembered was that she saw the defendant's automobile two or three hundred feet away approaching at a speed of forty to forty-five miles an hour; that at that time Luszcy's automobile was on her right side of the road; that the defendant's automobile was "near towards the middle"; that she said, "Oh, this car is coming toward us. It's going to hit us"; and that it did. On cross-examination she testified that what she said was, "Look at that car coming so fast"; that Luszcy said, "Well, I will stop"; that she never saw the defendant's automobile on her right hand side of the road; and that what happened between the time she saw it two or three hundred feet distant and the time of the collision she did not know. Luszcy did not testify, and the only other eyewitness to testify was the defendant, who testified that at all times he was on his right side of the road.

The jury could have found that the defendant was negligent in failing sooner to observe the Luszcy automobile and that his negligence contributed to the collision. *Herman* v. *Sladofsky*, 301 Mass. 534, 537. *Avery* v. *R. E. Guerin Trucking Co. Inc.* 304 Mass. 500, 506. *Kerr* v. *Deveau*, 311 Mass. 210, 213. There was no evidence as to the width of the road, but even if it had been considered that Luszcy was on the wrong side, and that his negligence also contributed to the collision, the jury could have found that the

plaintiff herself was not negligent. *Bessey* v. *Salemme,* 302 Mass. 188, 210. *Wilson* v. *Birkenbush,* 305 Mass. 173, 175. *Thibodeau* v. *Webster,* 312 Mass. 363, 365. There is nothing to the contrary in *Ellis* v. *Ellison,* 275 Mass. 272.

The defendant, however, contends that the plaintiff on her own testimony was contributorily negligent and is barred from recovery. She testified on direct examination that she had been to a club where ten or fifteen minutes before the collision Luszcy and she had both had two drinks of gin and coca-cola. On cross-examination she testified that Luszcy had had three such drinks; that the drinks did not appear to affect him at all, "but if a man takes one drink he is not sober, and when he takes three he certainly is not sober"; that they were at the club over an hour; that "she was concerned with the condition of Luszcy knowing that she was going to ride in a car driven by him"; that "he was not drunk but that she knew he was not sober when she got into the car to ride with him at the time they left" the club; and that "she knew he was under the influence of intoxicating liquor, and knowing he was under the influence of liquor, she was willing to take her chances riding with him."

The judge charged the jury that "if the driver of the car that Mrs. Cerez was in was drunk at the time they started out . . . and the plaintiff knew it and got into the car voluntarily and was willing to take her chances in riding with him knowing that he was drunk, then she assumes the risk of any injury or any accident that might occur that would be directly chargeable to his condition . . .. The question as to whether or not the plaintiff herself was under the influence of liquor or whether the driver with whom she was riding was under the influence of liquor or whether one or both were drunk, is a question of fact for the jury. . . . It is for you to say, too, in that situation, if you find the condition existed, the alcoholic beverage that had been consumed, as to just what the situation was and whether or not it contributed to the accident." At the conclusion of the charge the defendant stated that "the plaintiff, having admitted that her driver was under the influence of intoxi-

cating liquor, was bound by that admission so that the question for the jury to decide was whether the fact that the plaintiff's driver was under the influence of intoxicating liquor contributed to cause the accident and that if it did, then as a matter of law the plaintiff could not recover." The judge refused so to charge the jury, and the defendant excepted. In this there was no error. The defendant does not, and could not, contend that the rule of *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, 406, is applicable. The plaintiff's testimony included statements that the drinks did not appear to affect Luszcy at all (and it was for the jury to say whether, as contended by the defendant, this referred solely to the time when they were at the club) and that he was not drunk when they got into the automobile upon leaving the club. To be sure, the latter statement was accompanied by the further statement that Luszcy was not sober, but the plaintiff's conception of sobriety as defined in her testimony was an automatic classification based upon the taking by anyone of a single drink and arbitrarily enhanced to a certainty upon the taking of three. While the plaintiff was extremely frank in the revelation of her philosophy as to the effect of alcohol upon the human senses, we think that it was nevertheless open to the jury to accept that part of her testimony to the effect that the drinks did not appear to affect Luszcy at all, to conclude that this applied at the time of the collision, and to find that Luszcy was not driving under the influence of intoxicating liquor (*Blackman* v. *Coffin*, 300 Mass. 432, 437–438), or, if he was, that his condition did not contribute to the collision. *Martin* v. *Florin*, 273 Mass. 13, 15. *Murphy* v. *Moore*, 314 Mass. 731, 734. *Brule* v. *Union Street Railway*, 315 Mass. 268, 273. Since the jury could properly reach this result, the defendant's contention that the plaintiff was barred from recovery because she had taken her chances in riding with Luszcy is not pertinent. This is sufficient to distinguish *Laffey* v. *Mullen*, 275 Mass. 277, *Joyce* v. *New York, New Haven & Hartford Railroad*, 301 Mass. 361, 363, and similar cases. See *Dean* v. *Bolduc*, 296 Mass. 15, 18.

*Exceptions overruled.*