ROSALIND FARLEY *vs.* ARA J. HAMPSON.

Middlesex.    October 26, 1948. — January 3, 1949.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & WILLIAMS, JJ.

*Negligence,* Gross, Motor vehicle, Assumption of risk, Contributory.

In an action for personal injuries sustained by a guest in an automobile which left the road and collided with a pole at a curve, a finding that the operator was grossly negligent was warranted by evidence that he was driving at an excessive speed while aware that the steering gear was defective and liable to lock, and that it locked on the curve so that he could not turn the steering wheel.

A finding that a guest in an automobile, injured when it left the road and collided with a pole at a curve, either had assumed the risk of the injury, or was guilty of contributory negligence, by remaining in the automobile for six hours, during much of which period it was driven at an excessive speed, was not required as a matter of law where on the evidence a finding was warranted that the accident was caused by a combination of excessive speed and a defective mechanism of the steering gear of which the operator, but not the guest, was aware.

TORT. Writ in the First District Court of Southern Middlesex dated December 11, 1944.

On removal to the Superior Court, the action was tried before *Baker,* J.

*D. A. Foley & J. J. Brady,* for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

WILLIAMS, J. This is an action of tort for personal injuries received by the plaintiff while riding as a guest in an automobile operated by the defendant on Waverley Street in Framingham on January 16, 1944. The jury returned a verdict for the plaintiff and the case is here on her exception to the entering of a verdict for the defendant under leave reserved.

There was evidence that the accident in which the plaintiff was injured occurred about 5 A.M. The plaintiff was sitting on the rear seat of the automobile with a young man, and a girl friend of hers was sitting on the front seat with the

defendant. The girls had met the men about eleven o'clock on the previous evening and thereafter until the time of the accident the four had spent the night riding over the roads in the vicinity of Framingham, with the defendant driving. Much of the time the automobile was proceeding at a speed approximating seventy miles per hour. At times protests about the speed were made by the plaintiff but she continued on the ride, although during the evening two or more stops were made and once in Natick the occupants of the automobile left it to go into a house. While returning to the home of the plaintiff in Framingham, at a place where the road, level and forty feet in width, curved sharply to the right, the automobile, driven at a speed of seventy to eighty miles per hour, went off the road to the left and crashed into a pole. The steering gear had locked so that the driver could not turn the wheel. The automobile was equipped with a device on the steering post or column which by means of a key would lock the steering mechanism and also control the operation of the ignition switch. Earlier in the evening the defendant broke this key and was unable to start the automobile except by using a screwdriver to turn the key. No expert testimony was introduced as to the probability or possibility of the steering gear automatically locking when the automobile was in motion but, according to the testimony of the defendant, after the key broke it had locked once or twice before the girls were picked up. It could have been found that, with the steering mechanism in that condition, it was exceptionally dangerous to drive at high speed, that the defendant must have been aware of this danger, and that driving at the speed indicated by the testimony was gross negligence. *Logan* v. *Reardon*, 274 Mass. 83. *Gionet* v. *Shepardson*, 277 Mass. 308. *Cini* v. *Romeo*, 290 Mass. 532.

It was permissible to find that the collision with the post was caused by a combination of excessive speed and a defective mechanism or by either one of these factors alone. There was evidence that the plaintiff, by continuing to ride in the automobile for a period of six hours with opportunity to alight, had acquiesced in the defendant's manner

of driving. She was unaware, however, of the danger due to the condition of the steering gear, and it could not have been ruled that she had assumed the risk of an accident such as in fact occurred, even if assumption of risk had been pleaded (see *Leary* v. *William G. Webber Co.* 210 Mass. 68, 73; *Winchester* v. *Solomon*, 322 Mass. 7, 11) and was thereby in issue.

Nor could it have been ruled that the conduct of the plaintiff as matter of law contributed to cause her injuries. The decisions in *Laffey* v. *Mullen*, 275 Mass. 277, and *Curley* v. *Mahan*, 288 Mass. 369, to which reference is made in the plaintiff's brief, are not controlling authority here on the issue of contributory negligence. See *McGaffigan* v. *Kennedy*, 302 Mass. 12, 17.

In our opinion it was error for the judge to enter a verdict for the defendant.

*Exceptions sustained.*