LEO J. REYNOLDS *vs.* JOHN A. SULLIVAN.

Worcester. September 21, 1953. — December 2, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Negligence*, Assumption of risk, Motor vehicle. *Evidence*, Presumptions and burden of proof.

In an action for personal injuries sustained by a guest riding in an automobile through gross negligence in its operation by the defendant after it had stopped to leave another guest at his home and the plaintiff had had an opportunity to get out there but had not done so, the plaintiff on the issue of his assumption of the risk of injury was not bound by his own testimony that before the automobile stopped at the other guest's home the defendant had operated it at excessive speeds and in an improper manner, but was entitled to the benefit of testimony of other witnesses that the defendant's operation before the automobile stopped there was proper; and allowance of a motion by the defendant for a directed verdict was not required on the ground of assumption of risk.

TORT. Writ in the Superior Court dated January 13, 1948.

The action was tried before *O'Brien*, J.

*Stanley B. Milton*, (*Robert C. Milton* with him,) for the defendant.

*Thomas S. Carey*, for the plaintiff.

COUNIHAN, J. This is an action of tort in which the plaintiff seeks to recover damages for personal injuries al-

leged to have been caused by gross negligence of the defendant in the operation of an automobile in which the plaintiff was riding as a guest.[1]  The accident happened on Ripley Street in Worcester on April 5, 1947, at about 9:15 P.M.  The answer of the defendant contains a general denial and allegations of contributory negligence of the plaintiff and, by amendment, of assumption of risk by the plaintiff.

There was a verdict for the plaintiff.  The action comes here upon an exception of the defendant to the denial of his motion for a directed verdict.  There was no error.

The defendant concedes that a finding of gross negligence on the part of the defendant at the time of the accident was warranted by the evidence.  The exception of the defendant is based squarely upon the proposition that the plaintiff by his conduct while a passenger assumed the risk of the injury which he sustained.  He asserts that testimony which is conclusive in this respect came from the plaintiff himself in both direct and cross-examination.  He contends that such testimony is binding upon the plaintiff notwithstanding evidence from other witnesses more favorable to the plaintiff which would warrant the jury in finding that he had not assumed the risk of injury.

We summarize briefly the testimony of the plaintiff in direct examination.  During the ride from Auburn to the residence of one Dunlop, another guest passenger, on Beacon Street, Worcester, the defendant drove at times at the rate of sixty miles an hour.  After a warning from Dunlop he slowed down to five to ten miles an hour for a distance of 250 to 300 yards, but then started to drive fast again and went through Webster Square and other intersections and turned corners at the rate of speed of forty to forty-five miles an hour.  When the defendant stopped on Beacon Street to let Dunlop off the plaintiff who was sitting at the right side of the front seat did not leave the automobile although he had full opportunity to do so.  The accident

---

[1] Other counts in the declaration against this defendant and one David J. Sullivan, the owner of the automobile, were waived by the plaintiff.

happened shortly after Dunlop got out and the automobile started again. It was raining and the streets were wet.

In cross-examination the plaintiff testified that the defendant turned into Beacon Street in a zigzag manner at the rate of fifty miles an hour. We quote verbatim the testimony of the plaintiff on cross-examination upon which the defendant principally relies. "Q. Now you say that this driver, this man that was operating the car, whom you sued, had gone through Webster Square at fifty miles an hour, had careened up Main Street and turned into a side street and gone fifty miles an hour on that side street, then turned the corner at Beacon Street at the same rate of speed or a little under, and then finally when he came to a stop, you didn't get out, did you? A. That's right. Q. You continued to ride with the man whose driving you are describing here? A. That's right. Q. Well, now, having had an opportunity to get out on Beacon Street, you preferred to stay in the car and go along. Is that right? A. That's right. Q. You took and assumed the chance of any negligence, did you not? A. I was riding with him." He further testified in cross-examination that he knew it was about 9:15 P.M. when they stopped at Dunlop's house and that he could have gotten home from there in a taxicab in about ten minutes.

On the other hand there was testimony from other witnesses for the plaintiff to the effect that after the admonition of Dunlop to slow down the defendant drove in a prudent manner up to the time he arrived at Dunlop's house. If the jury believed this evidence, they could find that the conduct of the defendant in the operation of the automobile after being cautioned by Dunlop was such as to lead the plaintiff to believe that the remonstrance had been heeded by the defendant and that therefore there was no assumption of any risk. *McGaffigan* v. *Kennedy*, 302 Mass. 12, 17. *Belletete* v. *Morin*, 322 Mass. 214, 217.

The rule is that contributory negligence or assumption of risk is an affirmative defence to be proved by the defendant. "The plaintiff makes out a case for the jury 'by proving in-

jury and damage due to the negligence of the defendant'
. . . [or as in the case at bar the gross negligence of the de-
fendant which was conceded], unless 'facts which are undis-
puted or indisputable' or 'evidence by which the plaintiff
is bound' shows that contributory negligence [or assump-
tion of risk] is the only rational inference. . . . The plain-
tiff is bound by his own testimony adverse to him only in
so far as it is not contradicted by favorable evidence from
some other source." *Duff* v. *Webster,* 315 Mass. 102, 103.

In *McFaden* v. *Nordblom,* 307 Mass. 574, at page 575, the
court said, "In determining whether or not there was error
in refusing to direct a verdict for the defendant, the plain-
tiff is entitled to have the evidence viewed in the aspect
most favorable to her, and, ordinarily, she is not estopped
from relying upon the testimony of other witnesses which is
more favorable than her own in establishing the liability of
the defendant. . . . The rule is of general application. A
plaintiff might honestly be mistaken in his narration of the
physical facts constituting his cause of action and may
properly ask a jury to find as true the facts as set forth in
the testimony of the other witnesses."

The rule in *Laffey* v. *Mullen,* 275 Mass. 277, adopted in
*Curley* v. *Mahan,* 288 Mass. 369, upon which the defendant
relies, is of limited application. It establishes that where a
plaintiff's testimony relates to his knowledge, motives, pur-
poses, emotions, or feelings he is bound by such testimony
and cannot have the benefit of other evidence more favor-
able to him. In other words, a plaintiff's testimony relating
solely to such subjective matters is binding upon him.

In so far as the testimony of the plaintiff in each of those
cases related to facts within the peculiar knowledge of the
plaintiff and bore upon his emotions and feelings, the con-
clusion arrived at in each case is correct. In so far as such
testimony bore upon physical facts necessary to establish
liability, we are of opinion that a plaintiff is not bound by
such testimony and to that extent we are not disposed to
follow *Laffey* v. *Mullen.*

The testimony of the plaintiff in the case at bar which

the defendant argues brings the plaintiff within the rule in *Laffey* v. *Mullen* related only to the speed of the automobile and the manner in which the defendant was driving. This testimony described physical facts and objective matters which could have been observed as well by other witnesses as by the plaintiff. It did not relate to facts or matters within the exclusive knowledge of the plaintiff and had no bearing upon his motives, purposes, emotions, or feelings. His testimony therefore did not bring him within the true construction of the rule in *Laffey* v. *Mullen* and he was not bound by it but was entitled to the benefit of evidence from other witnesses more favorable to him. *Murphy* v. *Smith*, 307 Mass. 64. *Farley* v. *Hampson*, 323 Mass. 550. See *Cerez* v. *Webber*, 318 Mass. 703; *Mullaney* v. *White*, 329 Mass. 464.

*Exceptions overruled.*