LoConto, EJ.
Unifund CCR Partners (“Unifund”), assignee of separate bank credit card accounts, brought two separate collection cases, by different counsel, against defendant Bruce H. Mendel to recover the unpaid balances of the two accounts. The trial judge, sua sponte, consolidated the cases for trial, and the jury trial was conducted on May 24,2005. Separate jury verdicts were returned in favor of Unifund on the two claims. The defendant filed this Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal on claims of error in the trial judge’s denial of the defendant’s motions to sever the cases, for directed verdicts, and for judgment notwithstanding the jury verdicts or, in the alternative, for a new trial, and in the admission of certain documents into evidence.
We discern no prejudicial error and affirm the rulings entered below.
1. Denial of Motion to Sever Cases. Prior to impanelment of the jury, the defendant requested the court to sever the cases. Separate and distinct accounts, possible confusion by the jury with respect to the evidence, and the potential prejudice to the defendant were offered by the defendant as reasons. The trial judge, acknowledging the awkwardness of each Unifund counsel presenting his case separately, stated that he would limit redundant cross-examination of the defendant. Unifund’s attorneys never offered to represent the plaintiff jointly to eliminate duplication with respect to the questioning of witnesses, nor was a suggestion that they do so ever made. The trial judge denied the motion to sever, and the cases went forward.
“When actions involving a common question of law or fact are pending before a single District Court, a judge may order a joint hearing or trial of any or all of the *39 matters in issue in the actions.” Mass. R. Civ. P., Rule 42(c). In considering whether to consolidate two or more cases, a trial court judge is required to conduct a two-part analysis. Seguro de Servicio de Salud v. McAuto Sys., 878 F.2d 5, 8 (1st Cir. 1989).[3] As a threshold issue, a judge must determine “whether the two proceedings involve a common party and common issues of fact or law.” Id. If the cases involve common parties and common issues of fact or law, then the judge must weigh the costs versus the benefits of consolidation, namely, the interests of judicial economy versus the concern for a fair trial. Id.; Malcolm v. National Gypsum Co., 995 F.2d 346, 350 (2d Cir. 1993). “It is appropriate to consider, when weighing the costs and benefits of consolidation, the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and ‘any confusion, delay or prejudice that might result from consolidation.”’ Cruickshank v. Clean Seas Co., 402 F. Supp. 2d 328, 341 (D. Mass. 2005), quoting Data Gen. Corp. v. Grumman Sys. Support Corp., 834 F. Supp. 477, 487 (D. Mass. 1992), aff’d, 36 F.3d 1147 (1st Cir. 1994). Absent a showing of “demonstrable prejudice,” courts generally allow consolidation. Seguro de Servicio de Salud, supra at 8. However, when sufficient prejudice is demonstrated by the party opposing consolidation, then “[cjonsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial.” Malcolm, supra at 350, quoting Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990).
The consolidated cases in this matter involve the defendant as a common party. Although the facts are different, the issue of law is identical, namely, the extent of the defendant’s liability for breach of contract. As such, consolidation appears appropriate. However, the defendant contends that the consolidation of these two cases created undue confusion for the jury and was prejudicial to his defense. It is conceivable that a jury hearing two cases simultaneously could be confused and erroneously treat evidence admitted for one claim as proof of the other. Or, if the evidence were stronger with respect to one of the claims, the jury could draw an unfair inference, unsupported by evidence, that the defendant must be liable on the other claim. Additionally, the mere existence of two claims alleging a breach of a promise to pay a debt may impugn the defendant’s credibility. We find no prejudicial error, however, in the consolidation of these cases. The claims against the defendant were uncomplicated. The defendant did not deny the existence of the debts, but contested only the amount owed. Procedurally, an effort was made at trial to distinguish the cases. Each claim was identified by account number, and Unifund’s sole witness, a keeper of records, was examined and cross-examined on the first claim before she testified with respect to the second claim. The defendant was the only other witness. The verdict slip separated the claims by the account number used during the trial, further emphasizing the distinction between the two debts. The fact that the jury was not convinced that Unifund was entitled to prejudgment interest on one of the two claims indicates that it was able treat each claim separately. As explained below, the defendant failed to present evidence to support his affirmative defense of payment and he failed to prove “demonstrable prejudice.” Mass. R. Civ. P., Rule 8(c); Community Builders, Inc. v. Indian Motocycle Ass’n, 44 Mass. App. Ct. 537, 553 (1998). Accordingly, we find that the trial judge appropriately applied the broad discretion he had to consolidate these cases.
2. Sufficiency of the Evidence. The defendant asserts on appeal that the verdicts were based upon conjecture, surmise, or hypothesis, and that the trial judge erred as a matter of law in denying his motions for directed verdicts and for judgment notwithstanding the jury verdicts, or, in the alternative, for a new trial. As a general rule, “a verdict may be directed against the party having the burden of proof where, *40 upon any reasonable view of the evidence, there is no evidence (beyond a scintilla) which, even if believed, is sufficient in law to justify or support a verdict in favor of the party having the burden of proof.” J.R. Nolan & B. Henry, Civil Practice §34.5, at 662 (3d ed. 2004). Ordinarily, such a motion is filed at the close of the plaintiff’s case, or at the close of all the evidence. The trial judge in this case considered the defendant’s motion for directed verdicts after the close of all the evidence following arguments by counsel and instructions to the jury. Pursuant to Mass. R. Civ. P., Rule 50(b), a party’s motion for a directed verdict is a prerequisite to a motion for judgment notwithstanding the verdict of the jury. “[A] motion for judgment notwithstanding the verdict is technically a revised motion for a directed verdict, [and] no grounds for the motion for judgment notwithstanding the verdict may be raised which were not asserted in the directed verdict motion.” Bonofiglio v. Commercial Union Ins. Co., 411 Mass. 31, 34 (1991). In deciding a motion for a directed verdict, the trial judge must leave the issue of the credibility of the plaintiff’s evidence for the jury. Scott v. Boston Hous. Auth., 56 Mass. App. Ct. 281, 294-295 (2002). A verdict cannot be directed solely upon the credible evidence, but must be upon all the evidence. See McGaffigan v. Kennedy, 302 Mass. 12, 14 (1938).
The testimonial evidence was provided by two witnesses: Unifund’s keeper of records, Karla Hollencamp, and the defendant.[4] Documentary evidence was also introduced by Unifund. Ms. Hollencamp testified that Unifund was the assignee of the original bank credit card accounts. Thereafter, Unifund made demand on the defendant for payment. She testified that no payments were made by the defendant to Unifund and that the claimed balances were due. Ms. Hollencamp acknowledged that she did not know how the interest was mathematically calculated. The defendant did not deny making some payments on each account to the assignor banks, but did not believe that the account balances were as represented by Unifund. The testimony and the documents introduced by Unifund, including the testimony of the defendant, were sufficient, if believed, to prove that Unifund was the assignee of the credit card accounts belonging to the defendant, that said accounts were purchased by Unifund, and that the defendant was liable to Unifund in the amounts found by the jury. There was adequate evidence, if believed, to defeat the defendant’s motions for directed verdicts and judgment notwithstanding the verdicts.
With respect to defendant’s claim that the actions are barred by the statute of limitations, the defendant himself testified that he had made charges within the six-year statute of limitations period applicable to these actions. G.L.c. 260, §2. These claims are not time barred.
3. Admissibility of Documents. Ms. Hollencamp testified that the assignor banks’ files were downloaded into Unifund’s system, which then created its own file. In addition, Unifund scanned copies of the assignor banks’ statements into its system. Ms. Hollencamp testified that she requested the statements from the bank. As such, the documents were properly admitted. The evidence established that the records were made in good faith in the regular course of business, before the beginning of the proceedings, and that it was the regular course of that business to make such records at the time of the event or within a reasonable time thereafter. G.L.C. 233, §78.
For the above stated reasons, we find no prejudicial error. Appeal dismissed.
So ordered.

 We note that Massachusetts law under Rule 42 “follows federal law.” New England Energy Inc. v. Keystone Shipping Co., 855 F.2d 1, 7 (1st Cir. 1988).

 Each case was presented separately. Ms. Hollencamp initially testified with respect to case no. 0427-CV-0047, and the defendant’s testimony then followed. Thereafter, Ms. Hollencamp offered evidence as to case no. 0427-CV0456.